## YOUNG v. STANDARD OIL CO. et al.  WILLIAMS v. SAME.  LEE v. SAME.

District Court, N. D. California, S. D.
November 2, 1929.

Nos. 18594–S, 18595–L, 18596–K.

Jesse Carter, of Redding, Cal., and Annette Abbott Adams, of San Francisco, Cal., for plaintiffs.

Carr & Kennedy, of Redding, Cal., and Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendants.

ST. SURE, District Judge. ■ At the time of argument of this motion to remand, it was stipulated by counsel that the decision of this motion would control the decision of similar motions in No. 18595–L, A. K. Williams, etc., v. Standard Oil Company, and in No. 18596–K, Mary Elizabeth Lee v. Standard Oil Company. The argument was confined entirely to the question as to whether defendant, by its petition for removal and affidavits, has established that defendant William Caldwell, a resident of the state of California, was fraudulently joined to prevent removal to the federal court.

The complaint alleges a good cause of action against the resident defendant, jointly with the nonresident defendant, and it is not contended that these allegations are sham and baseless. It is sought to establish fraud by showing that an earlier action was commenced by plaintiff against the Standard Oil Company alone, which has been removed and is pending in the federal court; that after the removal an abortive attempt to dismiss was made by plaintiffs by filing a dismissal in the state court; that subsequently this action (together with the others mentioned above) was commenced in the state court, based upon the identical facts, with the addition of the allegations of the joint negligence of the Standard Oil Company and its employee, Caldwell. It is probably true that the prevention of removal to the federal courts was one of the objects of the change in the form of the cause of action and the joining of the resident defendant, but this court will not speculate as to this; if there is a joint liability the plaintiff has an absolute right to enforce it, and the motive of the plaintiff, taken by itself, does not affect the right to remove. Chicago, etc., R. Co. v. Schwyhart, 227 U. S. 184, 33 S. Ct. 250, 57 L. Ed. 473; Chicago, etc., R. Co. v. Whiteaker, 239 U. S. 421, 36 S. Ct. 152, 60 L. Ed. 360.

■ In the briefs, defendant suggests that remand will be futile, as the pendency here of the first suit on the same subject-matter will entitle defendant to enjoin plaintiffs from proceeding in the state court pending decision here. This suggestion is without force, however, since Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, denies the right to such injunction.

Upon the reasoning in the cases above cited, the motion to remand is granted in the instant case and in the other cases above mentioned.