## GRAVES v. MOUNT VERNON TRUST CO. et al.

### No. 312.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1934.

Jean Nelson Penfield, of New York City, for appellant.

Clinton T. Taylor, of White Plains, N. Y., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

■■ The question before the district judge rested in his discretion, and we should not disturb his decision unless that discretion was plainly abused. The threatened wrong was the approval of the proposed plan by a justice of the New York Supreme Court under section 61-a of the New York Banking Law (Consol. Laws, c. 2), and the distribution of assets in accordance with that plan, if he approved it. His approval could be a prejudice to the plaintiff only so far as it will become res judicata; we will assume arguendo that it will. But if two suits in personam be pending together, a party to the earlier cannot enjoin prosecution of the later, because judgment in that suit is likely to be rendered sooner. It is immaterial that this will make the earlier suit abortive; both must none the less go on together. Kline v. Burke, Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Grubb v. Public Utilities, 281 U. S. 470, 476, 50 S. Ct. 374, 74 L. Ed. 972. The suit at bar, whatever else it may be, is in personam; the chance of a conclusive decision by the state judge was therefore no ground for enjoining the proceeding there.

■ Nor was the chance of distribution of the assets after that decision any better ground for a temporary injunction. If the decision of the state court will be res judicata, then the assets ought to be distributed according to it, if the judge approves it. If it will not be, still the plaintiff's case is not certain enough to make an injunction peremptory. The allegations of fraud in procuring the consents are all denied in the answer, and the untruth of the allegedly fraudulent statements is not demonstrated; the unconstitutionality of section 61-a, is surely debatable. After distribution the assets will not be dissipated, and the new distribution pressed through in the face of the plaintiff's protest can be unravelled, if unlawful. In all this we can see no such clear abuse of discretion as justifies our intervention. Finally, we do not wish to be understood as holding that an injunction could go in any event against the proceeding before the justice of the Supreme Court. Rev. St. § 720 (Jud. Code § 265 [28 USCA § 379]). That question we leave unanswered.

Order affirmed.