**RED TOP TRUCKING CORPORATION v. SEABOARD FREIGHT LINES, Inc., et al.**

District Court, S. D. New York.

Nov. 14, 1940.

Nathan E. Zelby, of New York City (Milton R. Wexler, of New York City, of counsel), for plaintiff.

Kaye, Scholer, Fierman & Hays, of New York City (Milton Kunen of New York City, of counsel), for defendant, Seaboard Freight Lines, Inc.

KNOX, District Judge.

Plaintiff moves for an order staying an action in the Municipal Court of the City of New York, pendente lite.

The action here is for a money judgment for property damage purporting to have arisen from the negligence of the defendant. The "transaction or occurrence" which constitutes the basis of the claim is a collision between vehicles owned respectively by plaintiff and defendant.

It appears that the defendant has instituted an action against the plaintiff in the Municipal Court of the City of New York, for damages arising out of the same collision.

Some dispute exists between the parties as to the dates on which the two suits were commenced, but I am satisfied from the papers submitted that the action in this court was instituted first, and that the defendants began their suit a few days thereafter.

Plaintiff contends that Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, dictates that the defendant "shall" enter its claim in the action in this court as a counterclaim; and that the defendant cannot "divert the jurisdiction of this court" by commencing an independent action.

Plaintiff asserts that it will suffer injury unless its prayer for relief is granted for the reasons, among others, that the Municipal Court action will be reached for trial in advance of the suit in this court; that the defendant here would then plead such determination, as res judicata in the present action (assuming the defendants here were successful in that trial), and that plaintiff thus will be deprived of a trial on the merits in this court. Finally, plaintiff points out that unless the motion is granted, it will be subjected to embarrassment and multiplicity of suits, and states that it was to avoid that very thing that Rule 13 (a) was enacted.

Defendant argues—

1. That Rule 13(a), Federal Rules of Civil Procedure, is derived from former Equity Rule 30, 28 U.S.C.A. following section 723, and that the practice under the latter must control the practice under the former;

2. That neither rule authorizes this court to intrude upon the authority of a State court, or to deprive such a court of jurisdiction over a cause before it because a rule provides that such a cause should have been pleaded in the Federal Court as a counterclaim;

3. That in actions in personam, as in the present instance, both courts have jurisdiction and neither can restrain the other, but that both causes must proceed until judgment is rendered in one, and that such judgment may be pleaded as res judicata in the other. Defendant cites Kline v. Burke Const. Co., 260 U.S. 226, 230, 43 S. Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, Grubb v. Public Utilities Comm., 281 U.S. 470, 476, 50 S.Ct. 374, 74 L.Ed. 972, and Graves v. Mt. Vernon Trust Company, 2 Cir., 69 F.2d 101;

4. That Rule 13(a) was never intended to produce this result;

5. That, in any event, the rule does not apply to this case, because at the time the defendant answered herein, its claim against the plaintiff was already "the subject of pending action," and hence, did not have to be set out as a counterclaim in this action.

Rule 13(a), Federal Rules of Civil Proceedure, reads: *"Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not requiring for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The plaintiff would have this court construe the above rule to mean that, once having secured jurisdiction over a claim of action, whether in rem or in personam, the Federal Court thereby has jurisdiction over all claims which the defendant may have against the plaintiff arising out of the same subject matter.

■■ It is my belief that this construction is erroneous. In Staude Mfg. Co. v. Berles Carton Co., D.C., E.D.N.Y., 1940, 31 F.Supp. 178, 179, Judge Campbell had occasion to examine this rule. In rejecting the argument that Rule 13(a) was novel and conferred new rights, he said: "I cannot agree with the defendant's contention, as it seems to me that Rule 13 is substantially Equity Rule 30, broadened to include legal, as well as equitable counterclaims * * *."

Judge Campbell's ruling reflects the annotations of the draftsmen of the rules. See notes to the Federal Rules of Civil Procedure.

It is interesting to note that the framers of these rules had this very question before them. On two occasions, Circuit Judge Charles E. Clark, then reporter to the Advisory Committee on the rules, expressed himself on the point. In answer to a query as to whether or not failure to plead the counterclaim would bar the presentation of the cause of action "in a State court later," Judge Clark said: "I don't suppose that we could govern that finally. I think the answer would be that it should. I don't know what the legal ruling is likely to be. I should think very likely a state court would so rule, but I am not at all sure how it would work out." Proceedings of American Bar Association Institute on the Federal Rules, Cleveland, 1938, p. 248. And again, in commenting on the mandatory feature of the rule: "When we say 'must' it means, of course that if you don't do it no penalty is going to apply to you in this case, but you will be bound from thereafter asserting it. Of course it is true that we probably can't tell state courts what they should hold, but certainly the significance of this rule, as of the equity rule upon which it is based, is that you must file your counterclaim or, if you don't, you can't sue on it, separately."

There is no doubt that Judge Clark had in mind the inability of the Federal Court to control proceedings in the State court. It will be observed that on both occasions he referred to possible recognition of this rule by the State tribunal, and it may be that such a court would give effect to it. But that is the province of the State court, and it is a very different matter to ask the Federal court to exercise its injunctive powers to insure that result.

To decide for the plaintiff would be to confer upon the Federal court jurisdiction which formerly it did not possess. It cannot be argued that this is the effect of the new rules. To the contrary, it is expressly not their purpose. Rule 82 is as follows: *"Jurisdiction And Venue Unaffected.* These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

I find the cases cited by the defendant to be ample authority for its contention, and they are controlling in this case.

■ As the court said in Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, in stating the rule as to actions in personam: "But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts

and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

█ In its reply brief plaintiff "concedes" that it is not entitled to a stay as a matter of right, but insists that the matter is discretionary, citing Graves v. Mount Vernon Trust Company, 2 Cir., 69 F.2d 101, which case is also relied on by the defendant. In that case the court followed the Kline and Grubb cases in holding that the State court action should not be enjoined. At the outset the court said: "The question before the district judge rested in his discretion * * *."

It is to be assumed that the Circuit Court had in mind the distinction to be made between actions in personam and actions in rem, where a different rule applies, and to other instances where the court will act to protect its jurisdiction. A further reading of the decision in the Graves case reveals the following highly significant language: "Finally, we do not wish to be understood as holding that an injunction could go in any event against the proceeding before the justice of the Supreme Court. Rev.St. § 720 (Jud.Code § 265 [28 U.S.C.A. § 379]). That question we leave unanswered."

The section referred to above is, I think, conclusive on the point. It reads: *"Injunctions:* Stay in State Courts. The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In view of the rulings by the Supreme Court, cited above, and other cases construing the statute just quoted (Maryland Casualty Company v. Consumers Finance Service, 3 Cir., 1938, 101 F.2d 514; Young v. Standard Oil Company, D.C.Cal.1929, 35 F.2d 551, and Aetna Casualty & Surety Company v. Yeatts, 4 Cir., 1938, 99 F.2d 665), it is my feeling that there is no discretion in this court, where the actions involved are in personam, but that it must refuse the injunction.

The dicta relied on by the plaintiff in Williams v. Robinson, D.C.Dist. of Columbia 1940, 1 F.R.D. 211, 74 U.S. Department of Justice Bulletin 9, cannot control this decision, particularly because in that case both actions were pending in the Federal Court, and there was no question involving the jurisdiction of a State Court.

Motion denied and the stay contained in the order of October 24, 1940 is vacated.