Mario **FANTECCHI**, Plaintiff,

v.

**Richard E. GROSS and Peggy Lou Gross,** Defendants.

No. 21391.

United States District Court
E. D. Pennsylvania.

Dec. 10, 1957.

Avram G. Adler, Philadelphia, Pa., for plaintiff.

John E. Slike, Camp Hill, Pa., for defendants.

WELSH, District Judge.

On September 24, 1956, plaintiff filed the instant complaint seeking damages for personal injuries sustained in a collision occurring on December 21, 1955 in Cumberland County, Pennsylvania, between a motor vehicle owned and operated by himself and a motor vehicle owned by husband and wife defendants and operated by husband defendant. On October 26, 1956, defendants made answer to the complaint alleging five defenses and no counterclaim. On May 26, 1957, defendants filed a complaint in trespass in the Court of Common Pleas of Cumberland County, Pennsylvania, No. 36 of September Term, 1957, setting forth a claim for damages, which claim is based upon the same occurrence of which the plaintiff herein complains and which claim therefore constitutes a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C. On August 30, 1957, plaintiff filed the instant motion to restrain defendants from proceeding with the aforesaid State Court proceeding. Plaintiff admits that his request to so restrain defendants is in effect a request to restrain the State Court itself from proceeding.

1. From 1793 the policy of Congress has been to prohibit Federal Courts from interfering with State Court proceedings. In Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 143, 86 L.Ed. 100, the United States Supreme Court reviewed a century and one-half of legislation on the point and restated

the policy of the Act then in force[1] in the following language: " * * * proceedings in the state courts should be free from interference by federal injunction. The provision expresses on its face the duty of 'hands off' by the federal courts in the use of the injunction to stay litigation in a state court." After listing the exceptions to the policy, five by Congressional authority and one by Judicial construction, the Court decided not to issue an injunction against the State Court proceedings in personam (despite the fact that the claim in controversy had been previously adjudicated by the Federal Court) for the reason that the situation was not included in the enumerated exceptions.

2. It is agreed that the Loucey holding and the Act then in force (Section 265) would bar an injunction in the instant case. Subsequent to the holding, however, Section 2283 of Title 28 U.S.C. was enacted which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Thus, it will be observed that Congress under said Section 2283 has conferred upon Federal Courts the authority to enjoin State Court proceedings in any one of three circumstances: 1. where expressly authorized by Congress or 2. where necessary in aid of its jurisdiction or 3. where necessary to protect or effectuate its judgments.

3. Because we think the Reviser's Notes fully explain the meaning and purpose of Section 2283, we will quote therefrom:

"An exception as to Acts of Congress relating to bankruptcy was omitted and the general exception substituted to cover all exceptions.

"The phrase 'in aid of its jurisdiction' was added to conform to section 1651 of this title and to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts.

"The exceptions specifically include the words 'to protect or effectuate its judgments,' for lack of which the Supreme Court held that the Federal Courts are without power to enjoin relitigation of cases and controversies fully adjudicated by such courts. (See Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100.)"

4. Plaintiff concedes that the language "to protect or effectuate its judgments" does not aid him in the case at bar, for no judgment has been entered. However, the contentions of plaintiff are (1) that the words "necessary in aid of its jurisdiction" are broad enough to confer upon this Court the authority to enjoin the State Court proceeding and (2) the authority to do the aforesaid is conferred by an Act of Congress.

5. As to his first contention plaintiff's position is as follows: Jurisdiction is in this Court by virtue of diversity of citizenship and jurisdictional amount. 28 U.S.C. § 1332(a) (1). Venue is properly laid in this Court since defendants reside within its territorial limits. 28 U.S.C. § 1391(a). This Court has jurisdiction over the defendants since they have been properly served. Jurisdiction of this Court having thus attached, this Court, in aid of its jurisdiction, is empowered to bar a defendant who fails to allege a claim which constitutes a compulsory counterclaim under Rule 13(a) from subsequently asserting such claim and/or is empowered to enjoin a State Court proceeding, which is based on a claim which is properly a compulsory counterclaim in a Federal action under Federal Civil Rule 13(a). This reasoning was adopted by Congress in enacting Section 2283 when it included in Section 2283 the language "necessary in aid of its jurisdiction" to permit

1. Section 265 of the Judicial Code (Section 379, U.S.C. Title 28), provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Federal Courts to restrain subsequent State Court actions after removal of the original State Court actions to the Federal Courts. The same reasoning should be employed with respect to compulsory counterclaims under Federal Civil Rule 13(a) so as to authorize this Court to enjoin the State Court action which is admittedly based on a claim which is in the instant case a compulsory counterclaim under the provisions of Rule 13(a).

6. As to his second contention plaintiff's position is as follows: The Federal Rules of Civil Procedure have the force and effect of Congressional statutes; ergo, Rule 13(a) thereof has the force and effect of a Congressional statute. A fair interpretation of Federal Civil Rule 13(a) compels the conclusion that it was the intent of Congress to give to the Federal Courts the authority to enjoin State Court actions which are based on claims which constitute compulsory counterclaims under said Rule 13(a), and, therefore, to make another statutory exception to the policy stated in subdivision 1. of this opinion.

7. Federal Civil Rule 13(a) is the basis of plaintiff's contentions. As amended December 27, 1946, said Rule provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

The Rule prior to the December 27, 1946 amendment read as follows:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the trans-

action or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The elimination of the phrase "not the subject of a pending action" and the addition of the except clause at the end of the subdivision insures against an undesirable possibility presented under the original rule, whereby a party having a claim which would be the subject of compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the Federal action but before serving his pleading in the Federal action. See Moore's Federal Rules 1951 and Notes of Advisory Committee on Amendments to Rules.

8. The answer to plaintiff's first contention is that the enjoining of the State Court action is not necessary in aid of this Court's jurisdiction. The jurisdiction of this Court cannot be affected by the State action, although the outcome therein may affect the interests of the respective parties.

9. The answer to plaintiff's second contention depends upon a determination of whether or not Congress intended in adopting Rule 13(a) to create another statutory exception to its policy of Federal Courts' non-interference with State Court actions. Insofar as the effect of a party's failure to plead a compulsory counterclaim under said Rule in a Federal action is concerned the Congressional intent is clear—said party is thereafter barred from pleading same on the ground that it is res judicata. However, insofar as the effect of such failure on a State Court action is concerned the Congressional intent is not so clear; thus, in the absence of a clearer expression than is contained in Rule 13(a) we are unwilling to say that Congress, in adopting said Rule, intended to grant Federal Courts the authority to enjoin State Court actions, such as the above mentioned State Court actions in Cumberland County, and thereby to create another statutory exception to its policy of Federal Courts'

688

non-interference with State Court actions.

10. We think, therefore, that plaintiff's contentions are unpersuasive; accordingly, we will deny plaintiff's motion for a preliminary injunction.