ADMIRAL CORPORATION, Appellant, *v.* REINES DISTRIBUTORS, INC., Respondent.
ADMIRAL CREDIT CORPORATION, Appellant, *v.* REINES DISTRIBUTORS, INC., Respondent.

Third Department, December 31, 1959.

*Smith & Sovik* (*Laurence Sovik* of counsel), for appellants.

*Bookstein & Zubres* (*Berthold H. Hoeniger* and *Nathan Shapiro* of counsel), for respondent.

Coon, J. These actions are pending in the Supreme Court of the State of New York. The first seeks recovery of $352,453.26 for goods sold and delivered in the amount of $143,985.72 and upon certain negotiable instruments for the balance. The second action seeks recovery upon negotiable trade acceptances in the total amount of $220,157.06. The actions were commenced on March 19, 1959.

The defendant commenced an action against the plaintiffs on February 6, 1959, in Federal Court for the Southern District of New York, seeking, among other things, a recovery for alleged illegal price discrimination in violation of antitrust laws. The plaintiffs interposed a counterclaim in that action under the compulsion of subdivision (a) of rule 13 of the Federal Rules of Civil Procedure for the same relief sought in the two actions pending in the New York Supreme Court. For the purposes of this appeal it is conceded that the issues in these actions and in the compulsory counterclaim in Federal court are the same. The question is whether the Supreme Court at Special Term properly granted a stay of proceedings in these actions pending the determination of the action pending in the United States District Court for the Southern District of New York. We think that the question should be answered in the negative.

It has long been the recognized rule that a litigant may litigate for the same relief in both State court and Federal court until judgment is obtained in one court, which may be set up as *res judicata* in the other. (*Penn Co.* v. *Pennsylvania,* 294 U. S. 189.) The adoption of subdivision (a) of rule 13 did not and was not intended to change that policy. (*Fantecchi* v. *Gross,* 158 F. Supp. 684.) The rule in New York is the same. (*Fire Assn. of Philadelphia* v. *General Handkerchief Corp.,* 304 N. Y. 382.)

We find nothing in the authorities cited by respondent which would compel or justify a stay of the actions in New York under the circumstances presented here. Although the defendant may not assert its claim under the antitrust laws in the New York

courts, the determination of the instant actions will in no way affect or interfere with its action in Federal court for such relief.

Plaintiffs have a motion pending in the New York court for summary judgment which is stayed by the order appealed from. We see no good reason for compelling the plaintiffs to wait and litigate their claim as counterclaim, which undoubtedly would not have been interposed but for the compulsion of subdivision (a) of rule 13, amid the confusion of what might well be a long delayed and long drawn-out antitrust litigation. A party having a cause of action properly brought in the New York Supreme Court should not be denied the right to be heard there, to his possible delay and detriment and to the possible advantage of his adversary.

The order should be reversed insofar as it stays proceedings in the New York actions, with $10 costs, and the stay vacated.

FOSTER, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and in the exercise of discretion, insofar as it stays proceedings in the New York actions, with $10 costs, and the stay vacated.