**REINES DISTRIBUTORS, INC.,** suing on behalf of itself and of all others similarly situated, Plaintiff,

v.

**ADMIRAL CORPORATION,** Admiral Credit Corporation, and Admiral Distributing Corp., Defendants.

United States District Court
S. D. New York.
March 10, 1960.

Shapiro & Hoeniger, New York City, for plaintiff, Malcolm A. Hoffmann, Berthold H. Hoeniger, Norman Solovay, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants, George A. Raftery, William D. Friedmann, New York City, of counsel.

METZNER, District Judge.

On February 27, 1959, plaintiff, Reines Distributors, Inc., commenced this action based in part on alleged illegal price discrimination in violation of the antitrust laws. Subsequently, on or about March 19, 1959, but prior to serving their answer, the defendants, Admiral Corp. et al., commenced 41 separate actions in the New York state courts against Reines on notes and trade acceptances made by Reines to Admiral and on an open account between the parties. Then in this court Admiral asserted these claims as compulsory counterclaims under Rule 13 (a) of the Federal Rules of Civil Pro-

cedure, 28 U.S.C.A. Of the 41 actions commenced by Admiral, 39 have been discontinued by stipulation. Two are still pending. Reines moved in the state court for a stay of these two actions. The motion was granted by the Supreme Court at Special Term, but subsequently the Appellate Division reversed and vacated the stay. 9 A.D.2d 410, 194 N.Y.S. 2d 932 (Dec. 31, 1959). Application for leave to appeal granted subsequent to opinion, 10 A.D.2d 657, 197 N.Y.S.2d 446. Reines now moves in this court for an order enjoining Admiral from further prosecuting the state court actions.

In moving to restrain Admiral, Reines relies principally on (1) the policy of Rule 13(a) of the Federal Rules of Civil Procedure, and (2) the exclusive jurisdiction of the federal courts over antitrust suits, 15 U.S.C.A. § 15, and their power to prevent and restrain violations of the Antitrust Acts, 15 U.S.C.A. §§ 4, 26. Plaintiff asserts that aggregating the policies enunciated in Rule 13(a) and the antitrust laws, and further adding the alleged intent of the defendants to harass the plaintiff so as to prevent the suit in this court from reaching a determination, the sum total vests in this court the power to stay the state court proceedings "in aid of its jurisdiction." 28 U.S.C. § 2283.

Plaintiff realizes that the general prohibition against enjoining state court actions contained in 28 U.S.C. § 2283 is a formidable barrier to overcome to gain the relief sought here. Section 2283 provides that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Section 2283 was formerly known as Section 265 of the Judicial Code and read as follows:

"The writ of injunction shall not be granted by any court of the Unit-

ed States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, the Supreme Court traced the long history of Section 265 dating back to 1793. The court said:

"Section 265 is not an isolated instance of withholding from the federal courts equity powers possessed by Anglo-American courts. As part of the delicate adjustments required by our federalism, Congress has rigorously controlled the 'inferior courts' in their relation to the courts of the states." 314 U.S. at page 141, 62 S.Ct. at page 147.

The court pointed out that apart from five specific statutory exceptions to the rule embodied in Section 265 the only other exceptions are the "res" cases, and in this connection quoted from the case of Kline v. Burke Construction Co., 260 U.S. 226, 235, 43 S.Ct. 79, 83, 67 L.Ed. 226:

"The rank and authority of the [federal and state] courts are equal but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions *in rem* and does not exist in actions *in personam*, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

In 1948, when Section 265 was amended and became Section 2283 of Title 28 U.S.C., Congress changed the exception which read "authorized by any law relating to proceedings in bankruptcy" to a generalized exception reading "as expressly authorized by Act of Congress". The amendment added two further exceptions: (1) "where necessary in aid of its jurisdiction", and (2) "to protect or effectuate its judgments".

In Amalgamated Clothing Workers of America v. Richman Bros., 1955, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600, the court reviewed the amendments to Section 265 as found in Section 2283. The court said:

"By that enactment [Section 2283], Congress made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation." 348 U.S. at page 514, 75 S.Ct. at page 454.

The court further said, in discussing the argument that the restrictions of Section 2283 do not apply whenever it is shown that the state court is without jurisdiction over the subject matter and is attempting to invade a field pre-empted by Congress, that:

"No such exception has been established by judicial decision under former § 265. In any event, Congress has left no justification for its recognition now. This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions." 348 U.S. at pages 515, 516, 75 S.Ct. at page 455.

■ Neither of the two new exceptions spelled out in Section 2283 against interfering with state jurisdiction are available to this plaintiff. As the Reviser's notes to Section 2283 indicate, the words "in aid of its jurisdiction" were used to make clear the recognized power of the federal court to stay proceedings in state courts in cases removed to the district courts. The Reviser's notes also indicate that the words "to protect or effectuate its judgments" were used to prevent a party from relitigating in the state court issues already foreclosed by a

federal judgment. See also Avon Publishing Co. v. American News Co., D.C. S.D.N.Y.1956, 143 F.Supp. 516.

In the antitrust field where the federal courts have exclusive jurisdiction (General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244) and where the act provides for injunctive relief as a remedy for its violation (15 U.S.C.A. § 26), the cases do not sustain the plaintiff's contention and the proceedings in the state court have not been enjoined. Lyons v. Westinghouse Electric Corp., D.C.S.D.N.Y.1952, 109 F.Supp. 925, affirmed 2 Cir., 1953, 201 F.2d 510, certiorari denied 345 U.S. 923, 73 S.Ct. 781, 97 L.Ed. 1354; Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5 Cir., 1952, 195 F.2d 406; Bascom Launder Corp. v. Telecoin Corp., D.C.S.D.N.Y.1950, 9 F.R.D. 677; Avon Publishing Co. v. American News Co., supra.

In United States v. Bayer Co., D.C.S.D.N.Y.1955, 135 F.Supp. 65, the injunction was issued against the state court proceeding because a judgment of the federal court had determined that the contract sought to be enforced in the state court was illegal. The necessity of the injunction was to protect or effectuate the judgment of the federal court.

In Kelly v. Kosuga, 1959, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475, the Supreme Court held that a claim of illegality based on violation of the Sherman Act is not a defense to an action based on a contract to recover the purchase price of articles sold. The court said:

"Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act, the courts are to be guided by the overriding general policy, as Mr. Justice Holmes put it, 'of preventing people from getting other people's property for nothing when they purport to be buying it.'" 358 U.S. at page 520, 79 S.Ct. at page 432.

If an injunction were to issue on the basis of the antitrust laws, it would in effect nullify this decision. In the Bascom Launder case, supra, an injunction was denied even though a recovery by plaintiff in the federal court action might encompass damages which plaintiff may be required to pay under the state court judgment.

We come now to plaintiff's argument based on Rule 13(a) of the Federal Rules of Civil Procedure. That rule requires the defendant to set forth in his answer any counterclaim which he has against the opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In discussing this phase of the question, it must be borne in mind that the respective parties seek judgments strictly *in personam* and it has been held in such situations that:

"* * * both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other." Penn General Casualty Co. v. Commonwealth of Pennsylvania, 1935, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850.

It is true that the defendants' claims must be pleaded under Rule 13(a) and they have done so in their answers. However, the fact that such counterclaims must be pleaded cannot oust the state court of jurisdiction. Since the federal courts, as indicated above, are loath to interfere with state court actions even in the face of what appears to be a specific grant of jurisdiction to the federal courts, it is utterly impossible to sustain plaintiff's contention on the general language of the rule. Certainly within the purport of the Amalgamated Clothing Workers of America case, supra, the freest use of the words "expressly authorized by Act of Congress" could not encompass the directive contained in the compulsory counterclaim rule.

In Kline v. Burke Construction Co., supra, 260 U.S. at page 230, 43 S.Ct. at page 81, the court said:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

■ The effect of Rule 13(a) in the type of situation under discussion has been passed upon by the courts both before and after the amendment to Section 265, which has been discussed above. In both of these cases it has been held that an injunction will not issue. Red Top Trucking Corp. v. Seaboard Freight Lines, D.C.S.D.N.Y.1940, 35 F.Supp. 740; Fantecchi v. Gross, D.C.E.D.Pa.1957, 158 F.Supp. 684. In the Red Top case an action was instituted in this court for a money judgment arising out of the alleged negligence of the defendant in an automobile collision case. Subsequently, the defendant brought an action against the plaintiff in the Municipal Court of the City of New York for damages arising out of the same mishap. A stay of the Municipal Court action was sought here and it was argued that the suit in the Municipal Court would be reached for trial before the suit in the district court and that the judgment obtained there would be *res adjudicata* in this court. It was also argued that the issuance of the injunction was necessary to prevent multiplicity of suits. The application for the stay was denied by Judge Knox. The same result was reached on a similar set of facts in the Fantecchi case. The same result must obtain on this motion.

■ In addition to the views set forth in the Red Top and Fantecchi cases, I would consider Rule 13(a) as simply a federal court housekeeping rule to expedite the courts' business. As such it could not possibly qualify as an exception within the intendment of Section 2283.

In light of Congressional particularization in Section 2283 and the failure in Rule 13(a) to provide for a stay of a subsequent state court action as is provided, for example, in the removal statute, 28 U.S.C. § 1446(e), this conclusion seems clear. It is confirmed by the policy enunciated in the opinions in the Toucey and Amalgamated cases discussed above. Comparing the policy of federal court noninterference with state court proceedings dating back to the Act of 1793 with the comparatively recent enactment of Rule 13(a), it can be assumed that the framers of the rules realized the balance that the federal courts would strike in the absence of an express contrary intention stated in either Section 2283 or Rule 13(a). The state courts are free to recognize the federal policy and grant a stay on the basis of comity. But in the absence of a Congressional mandate, the federal courts are not free to enforce the policy on them. (See quotation of the comments of Judge Clark, one of the drafters of the rules, in the Red Top Trucking Corp. case, supra, 35 F.Supp. at page 742.) Here the state court has felt that a stay was not warranted. And the granting of the relief that the plaintiff requests would create the type of needless friction which Section 2283 and its predecessors were enacted to prevent.

■ The institution of the state court actions can in no way prevent the suit in this court, based on violations of the antitrust laws, from reaching a determination. See Avon Publishing Co. v. American News Co., supra, and the cases cited therein. While the existence of parallel proceedings in the state and federal courts, based on promissory notes and the like, presents multiplicity of suits, with inconvenience, or even harassment, as claimed by the plaintiff herein, a stay of the state court proceedings cannot issue on such grounds because of the explicit provisions of Section 2283 of Title 28 U.S.C., and the judicial interpretation of that section.

Motion denied.