**Edward SASLOW, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. No. F-13-63.**

United States District Court
D. Alaska,
at Fairbanks.

Dec. 9, 1963.

George Vogt, Fairbanks, Alaska, for plaintiff.

Robert A. Parrish, Mary Alice Miller, Collins & Clasby, Fairbanks, Alaska, for defendant.

PLUMMER, Judge.

On February 21, 1963, a judgment in the amount of $70,430.20 was entered in favor of the plaintiff in the Superior Court for the State of Alaska in Case No. 62-63, entitled Thomas J. Rexford, Plaintiff, vs. Edward Saslow and Marjorie Brann, Defendants, hereinafter referred to as "Case No. 62-63".

On May 22, 1963, a writ of execution issued and levy was made on State Farm Mutual Automobile Insurance Company, hereinafter referred to as "State Farm". Subsequently, garnishee proceedings, pursuant to Rule 89(f), Rules of Civil Procedure of the Superior Court for the State of Alaska, were commenced in which State Farm was named as garnishee.[1] On September 4, 1963, the garnishee proceedings were set for trial in the State Superior Court on December 16, 1963.

---

1. See copy of Rule 89(f), Rules of Civil Procedure, attached hereto as Exhibit A.

On June 18, 1963, an action was commenced in the Superior Court for the State of Alaska, Case No. 63–251, entitled Edward Saslow, Plaintiff, vs. State Farm Mutual Automobile Insurance Company, Defendant, hereinafter referred to as "Case No. 63–251". On July 9, 1963, State Farm, alleging diversity of citizenship and the requisite jurisdictional amount, removed Case No. 63–251 to this court where it became known as Case No. F–13–63 Civil.

On November 21, 1963, State Farm moved in Case No. F–13–63 Civil for an order to show cause and temporary restraining order. On that date the court entered an order to show cause and an order temporarily restraining Thomas J. Rexford, his attorneys and agents, from any further proceeding in the garnishment action against State Farm in Case No. 62–63.

On December 6, 1963, this matter came before the court on defendant's motion and amended motion for order to show cause and temporary restraining order and motion for leave to join additional party, and the motion of Thomas J. Rexford to set aside injunction.

The motion for leave to join additional party was not opposed and will therefore be granted.

The issues raised by the pleadings in the garnishment proceeding in Case No. 62–63 and by the pleadings in the present case (formerly Case No. 63–251 in the State court) are admittedly the same basically. In both proceedings recovery is sought against State Farm for sums in excess of the amount of the policy of insurance issued by State Farm to Edward Saslow. Both proceedings are predicated on the assertion that State Farm was negligent and acted in bad faith in connection with its conduct and handling of Case No. 62–63.

The question for determination is whether this court may, in a proceeding removed from the State Superior Court, Case No. 63–251, between Edward Saslow vs. State Farm, enjoin a garnishment proceedings in a separate action pending in the State Superior Court, No. 62–63, between Thomas J. Rexford vs. Edward Saslow and Marjorie Brann.

Defendant contends that the garnishment proceedings in Case No. 62–63 may be enjoined in aid of this court's jurisdiction under the provisions of 28 U.S. C.A. § 1446(e), 28 U.S.C.A. § 1651(a), and 28 U.S.C.A. § 2283.[2]

■ The effect of the removal in Case No. 63–251 was to deprive the State court of jurisdiction to proceed further with any phase of litigation *in the removed case only*, unless and until the case was remanded.

■ No attempt is being made by the State Superior Court to proceed further in the removed case. In absence thereof it would truly be "judicial improvisation" to enjoin garnishment proceedings in Case No. 62–63, under the guise of aiding this court's jurisdiction. The fact that the actions in the State and Federal court both seek to recover money judgments against State Farm on the basis of its alleged negligence and bad faith would not justify this court in attempting to restrain the State court action. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

2. 28 U.S.C.A. § 1446.
  "(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."
  28 U.S.C.A. § 1651.
  "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
  28 U.S.C.A. § 2283.
  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Here the court's jurisdiction in the removed action is not being threatened or undermined. Jurisdiction in the garnishee proceeding, Case No. 62–63, lies with the State court, not with this court. The action requested by State Farm would be beyond and not in aid of this court's jurisdiction.

In T. Smith & Son, Inc. v. Williams, 275 F.2d 397 (5th Cir. 1960), an extensive history of 28 U.S.C.A. § 2283 is set forth at pages 402 to 407. At page 407 of 275 F.2d the court states as follows:

> "The phrase, 'where necessary in aid of its jurisdiction', therefore, should be interpreted narrowly, in the direction of federal non-interference with orderly state proceedings. It is even questionable whether the phrase authorizes injunctions to protect jurisdiction of original actions; the Reviser's Notes indicate that the phrase was added 'to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts'. In any event, it is not, as seems to be asserted here, a mandate to federal courts to hold the line against a possible state invasion of a theoretic concept of federal jurisdiction over a field of law supposedly the exclusive domain of federal courts. It is not to prevent a threatened trespass. Properly considered, Section 2283, as a whole, 'does not go to the jurisdiction of a federal court, but is an affirmation of the rules of comity, and hence it should be read in conjunction with the judicial principles developed for our dual system of courts'. Moore, Commentary on the Judicial Code, § .03(49), p. 407 (1949)."

In keeping with this policy and reasoning as reflected by the cases cited below,[3] the temporary restraining order entered on November 21, 1963, and ex-tended by the order entered December 2, 1963, is vacated and set aside.

### EXHIBIT A

#### CIVIL RULES

(f) Garnishee Proceedings.

(1) *Order for Appearance—Service.* When a person is ordered to appear before the court to be examined as to any property or debt held by him belonging to a defendant, such person shall be known as the garnishee. The order shall state the time and place where the garnishee is to appear, shall be served upon the garnishee and return of service made in the manner provided for service of summons and return thereof in Rule 4.

(2) *Failure to Appear—Default.* When a garnishee fails to appear in compliance with the order, the court on motion may compel him to do so.

(3) *Discovery.* After entry of the order mentioned in subdivision (1), plaintiff may utilize the rules of discovery under the supervision of the court with respect to all matters relating to property of the defendant believed to be in the possession of the garnishee. The consequences of the garnishee's failure or refusal to make discovery shall be governed by these rules.

(4) *Trial of Issues of Fact.* Issues of fact arising between the plaintiff and the garnishee shall be resolved and disposed of in accordance with these rules as in the case of issues of fact arising between plaintiff and defendant. Witnesses, including the defendant and garnishee, may be required to appear and testify as upon the trial of an action.

(5) *Judgment Against Garnishee.* If it shall be found that the garnishee, at the time of service of the writ of attachment and notice, had any property of defendant liable to attachment beyond the amount admitted in his statement, or in

---

3. Kline v. Burke Construction Co., supra; Amalgamated Clothing Workers of America v. Richman Brothers, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955); T. Smith & Sons, Inc. v. Williams, supra; H. J. Heinz v. Owens, 189 F.2d 505 (9th Cir. 1951); Reines Distributors, Inc. v. Admiral Corporation, 182 F.Supp. 226 (S.D.N.Y.1960).

any amount if a statement is not furnished, judgment may be entered against the garnishee for the value of such property in money. At any time before judgment, the garnishee may be discharged from liability by delivering, paying or transferring the property to the peace officer.

(6) *Order Restraining Garnishee.* At the time of the application by plaintiff for the order provided for in subdivision (1), and at any time thereafter and prior to the entry of judgment against the garnishee, the court may enter an order restraining the garnishee from paying, transferring, or in any manner disposing of or injuring any of the property of the defendant alleged by the plaintiff to be in the garnishee's possession or control, or owing by the garnishee to the defendant. Disobedience of such order may be punished as a contempt.

(7) *Execution.* Execution may issue upon a judgment against a garnishee as upon a judgment between plaintiff and defendant, and costs and disbursements shall be allowed and recovered in like manner.