M. C. MANUFACTURING CO., INC., et al., Appellants,

v.

TEXAS FOUNDRIES, INC., Appellee.

No. 7660.

Court of Civil Appeals of Texas, Beaumont.

Jan. 30, 1975.

Rehearing Denied Feb. 13, 1975.

Jim Ammerman, Marshall, for appellants.

Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellee.

STEPHENSON, Justice.

Texas Foundries, Inc., a Texas corporation as plaintiff, brought this action as a sworn account in the State District Court in Angelina County. M. C. Manufacturing Co., Inc., and Universal Automatic Machines, Inc., both Texas corporations, were named as defendants. Trial was before the court and judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court, or by name.

Defendants' sole point of error here is that the trial court erred in overruling their plea in bar. Points of error as to overruling their plea in abatement were waived on oral argument. The allegations in the plea in bar and the evidence heard by the trial court showed the following: Before this state court case was filed, these defendants had filed a suit in the federal court against Texas Foundries, Inc., and H/R, Inc. That suit was for treble damages under the Sherman, 15 U.S.C.A. §§ 1–7 (1890), and Clayton, 15 U.S.C.A. §§ 12–27 (1914), Anti-Trust Acts. The federal court case was heard first resulting in a judgment for these defendants in the amount of $219,000. That case was pending on appeal in the Fifth Circuit at the time this state court case was tried, and also at the time of oral argument here.

The essence of defendants' contention here is that their suit was filed first, and under Fed.R.Civ.P. 13(a), the sworn account action brought by plaintiff was a compulsory counterclaim, and it had to be filed in the suit then pending in the federal court. The basis for that argument is that the action on the sworn account arose out of the transaction or occurrence that was the subject matter of the federal court action. This point of error is overruled.

We have not been cited nor have we found a case directly in point. Apparently, the approach taken in other cases was to attempt to secure an order enjoining the prosecution of the state court case, rather than a plea in bar. However, we see no reason why the same rules should not be applied to both types of cases.

In Reines Distributors, Inc. v. Admiral Corporation, 182 F.Supp. 226, 229 (S.D. N.Y.1960), Reines sued Admiral in the federal court alleging violation of the anti-trust laws. Later, Admiral sued Reines in the state court on notes and an open account. Reines then sought an order in the federal court case enjoining Admiral from prosecuting these state court suits, which was denied with these statements of law:

"We come now to plaintiff's argument based on Rule 13(a) of the Federal Rules of Civil Procedure. That rule requires the defendant to set forth in his answer any counterclaim which he has against the opposing party 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' In discussing this phase of the question, it must be borne in mind that the respective parties seek judgment strictly *in personam* and it has been held in such situations that:

"'* * * both a State Court and a Federal Court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res*

*adjudicata* in the other.' Penn General Casualty Co. v. Commonwealth of Pennsylvania 1935, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 70 L.Ed. 850."

The Reines case was cited and followed in L. F. Dommerich & Co. v. Bress, 280 F.Supp. 590, 599 (D.N.J.1968) saying:

"The foregoing rule [13(a)] is considered by the Federal Courts to be a 'good housekeeping' rule, being procedural, avoiding a multiplicity of actions, where all claims between the opposing parties generally have a logical connection arising out of the same transaction or occurrence. . . . Plaintiff invokes 28 USC § 2283, contending that a stay of the State Court action should issue, where the effect of a state court judgment might tend to defeat or impair the jurisdiction, judgment, or orders of the Federal Court. . . . In determining whether an injunction should issue, we consider it unnecessary to reach the issue of compulsory or permissive counterclaims. . . . We do determine that where both federal and state courts have concurrent jurisdiction of adverse parties seeking *in personam* judgments, then each may generally proceed with its separate litigation until judgment is rendered in one court which may be interposed affirmatively as *res judicata* in the other."

In Red Top Trucking Corp. v. Seaboard Freight Lines, 35 F.Supp. 740, 742–743 (S.D.N.Y.1940), the plaintiff had asked the federal court to stay an action in the New York State Court on the ground that it arose out of the transaction involved in the federal court litigation, and that the state court action was filed subsequently. The Court said:

"The plaintiff would have this court construe the above Rule [13(a)] to mean that, once having secured jurisdiction over a claim of action, whether in rem or in personam, the Federal Court thereby has jurisdiction over all claims which the defendant may have against the plaintiff arising out of the same subject matter.

"It is my belief that this construction is erroneous." (at 742)

\* \* \* \* \* \*

". . . [I]t is my feeling that there is no discretion in this court, where the actions involved are in personam, but that it must refuse the injunction." (at 743)

In Fantecchi v. Gross, D.C., 158 F.Supp. 684, the plaintiff contended that Rule 13(a) gave the federal courts the authority to enjoin state court actions involving claims arising out of a transaction already involved in a federal court case. The Court held that it was unwilling to say that Congress, in adopting Rule 13(a), intended to grant federal courts the authority to enjoin state court actions. See also, Sessions Company v. W. A. Scheaffer Pen Company, 344 S.W.2d 180 (Tex.Civ.App. —Dallas 1961, writ ref'd n. r. e.).

In both the state court and federal court cases, *in personam* judgments are sought, and there is no final judgment in either case; so, the issue as to *res adjudicata* is not before us.

Whether we would reach the same result had the federal court judgment been final when the trial court heard the plea in bar is not presented by this record, and we express no opinion thereon.

Judgment affirmed.