GRAND CENTRAL BUILDING, INC., Appellant, v NEW YORK AND HARLEM RAILROAD COMPANY et al., Respondents.

First Department, October 25, 1977

*Steven J. Stein* of counsel *(Steven S. Miller* and *Bruce E.*

*Fader* with him on the brief; *Proskauer Rose Goetz & Mendelsohn,* attorneys), for appellant.

*Marvin F. Hartung* of counsel *(Timothy C. Quinn, Jr.,* and *Aaron N. Wise* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys), for respondents.

EVANS, J. The facts are that Grand Central Building, Inc. ("Grand Central Building"), a New York corporation, is the lessee of certain lands from New York State Realty & Terminal Company ("Realty"), under a lease effective November 1, 1959. Realty's interest derived from Harlem Railroad ("Harlem") (90%) and New York Central ("Central") (10%). Realty acted as lessor on behalf of Harlem and Central until December, 1962, when it merged into Despatch Shops, Inc. ("Despatch"). Under the lease, Grand Central Building was required to pay rent according to various formulae which are not subject to our examination, but which constitute some of the issues between the parties.

On June 21, 1970, Central filed a petition in bankruptcy in the Federal District Court in the State of Pennsylvania, acting as a Federal Bankruptcy Court and trustees were vested with Central's property interests. In December, 1972, they claimed that the leasehold was part of the debtor's estate and that Grand Central Building had from 1965 to 1972 underpaid percentage rent. Grand Central Building counterclaimed for rent overpaid between 1961 and 1972. Grand Central Building had also submitted to the Bankruptcy Court's jurisdiction, commencing with the inception of the lease and through the lease year ending April 30, 1972, thus leaving the question of debt or credit for subsequent years unresolved.

Discovery proceedings in Pennsylvania have brought to light a complicated web of assignments and reassignments of various interests in the property between Harlem, Central, Realty and Despatch, and it appears that Harlem is still the owner of 90% of the fee and the leasehold. Harlem is not a party to the Pennsylvania action.

Grand Central Building, the plaintiff herein, brings the instant proceeding in New York State seeking *inter alia,* declaratory relief as to the identity of its lessor, an interpretation of its rights and duties for the remainder of the lease, and a money judgment for the tax years 1972 through the present, which are not subjects of the Pennsylvania action.

The defendant, in seeking to stay the action, places great

reliance on an order of the United States District Court, dated June 21, 1970, which effectively enjoined any entity from "commencing or continuing any proceeding against the debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose", and reserving to itself the right "staying any suits now pending or hereafter brought against the debtor". It appears to us the District Court's jurisdiction was not invoked for the purpose of staying all proceedings, and the defendant mistakenly relies upon this paragraph to act as a stay. A careful reading of the paragraph would seem to indicate that the court is merely reciting the areas in which it has reserved jurisdiction. In *Lochsley Hall, Inc. v Filmvideo Releasing Corp.* (36 AD2d 694) which defendant cites, Lochsley filed a petition for an order of continuance and "[t]he order contained a stay against instituting or continuing actions or special proceedings against Lochsley upon causes of action which accrued prior to the institution of the arrangement proceeding". In short, the inclusion of the stay in the order was what gave it effect, not the mere recitation of the areas of jurisdiction reserved. In addressing itself to a similar question in *Diners Club v Bumb* (421 F2d 396, 401) the court said, "[i]n any event, a blanket injunction issued automatically when the receiver or trustee is appointed is significantly different from an injunction against a particular suit, issued after an independent examination by the reorganization judge. The former involves no exercise of discretion with regard to any specific suit and may properly be regarded as a simple incident of the appointment of the receiver or trustee. Hence it is entitled to no greater weight in subsequent proceedings than the fact of the appointment itself. [Cf. In re Muriel Holding Corp., 75 F.2d 941, 943 'a stay should never be the automatic result of the petition itself'.]"

Further, subdivision (a) of section 959 of title 28 of the United States Code is clear that trustees may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Keeping in mind that the stipulation of jurisdiction ran through April, 1972, the operation of the debtor corporation after that period clearly comes within the exception of title 28.

The practical effect of a stay here would merely be to delay resolution of issues which will not be subject to the scrutiny of the District Court, i.e., the amount of overpayment of rent

from 1972 to 1977; declaration of the party's rights and obligations beginning with the lease year ending April 30, 1972, with respect to escalation takeover costs and real estate taxes. These are questions which must be answered, and there seems to be no immediately apparent reason why they should not be put to rest. Parenthetically, Grand Central Building's action is for a money judgment, and Central is quite obviously in straitened financial circumstances, and should Grand Central Building prevail, delay would seriously jeopardize Grand Central Building's chances of collecting.

Plaintiff argues that because of the diversity of parties, issues and relief, a stay is not warranted. The general rule is that "proceedings in an action pending in a state court will not be stayed until the determination of an action pending in the federal courts, where it appears that the action sought to be stayed will have to be determined no matter which way the case in the federal jurisdiction is decided." (3 Carmody-Wait 2d, NY Prac, p 581; cf. *Admiral Corp. v Reines Distrs.*, 9 AD2d 410, affd 8 NY2d 773.)

Further, the court in *General Aniline & Film Corp. v Bayer Co.* (305 NY 479, 485) set forth the criteria to be applied to the question of staying a State suit in favor of a similar Federal suit, to wit: "Accordingly, should a stay of the present action be sought, it will be pertinent to consider, among other matters, whether it is in the state or the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or the state court that possesses a greater familiarity and expertise with the trial of such issues." In short, to be considered are:

(1) Which forum is better suited to resolve all the issues and;

(2) Which forum has the greater expertise in the trial of such issues?

Here, the State court is better suited to resolve the issues as all entities conceivably having an interest have been joined, and the required expertise to apply New York law to New York real estate transactions and contractual relations is undeniably present in the New York forum. By comparison, the reorganization is limited in scope. Plaintiff requires a delineation of the rights of the parties, with respect to the identity of the lessor and with respect to the party's future relationships. These matters are not involved in the bankruptcy proceeding, so therefore the required relief cannot be

obtained. In addition, Despatch and Harlem are not parties to the bankruptcy, which fact militates against a stay of the action. A stay will only prolong or unnecessarily delay the resolution of certain vital issues which are not presented to the scrutiny of the bankruptcy court.

Order, Supreme Court, New York County (SUTTON, J.), as far as appealed from entered on February 10, 1977, granting the motion of defendants for a stay of the within action pending resolution of an action in the United States District Court for the Eastern District of Pennsylvania, should be reversed, on the law and the facts, without costs, and the motion should be denied.

KUPFERMAN, J. P., LUPIANO and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on February 10, 1977, so far as appealed from, unanimously reversed, on the law and the facts, and the motion for a stay denied, without costs and without disbursements.