**Ex parte Jesse Dewayne JACOBS.**

**No. 71161.**

Court of Criminal Appeals of Texas.

Sept. 23, 1992.

Rehearing Denied Nov. 4, 1992.

Palmer Singleton, Buffalo, NY, Eden E. Harrington, Austin, for appellant.

Peter C. Speers, Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MALONEY, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to article 11.07, V.A.C.C.P.

On May 21, 1987, applicant was convicted of capital murder, specifically, murder committed in the course of kidnapping. V.T.C.A. Penal Code, § 19.03(a)(2). The jury affirmatively answered the submitted issues prescribed by article 37.071(b), V.A.C.C.P., and the trial court assessed punishment at death. Art. 37.071(e), V.A.C.C.P.. This Court affirmed applicant's conviction on direct appeal. *Jacobs v. State*, 787 S.W.2d 397 (Tex.Cr.App.1990). The United States Supreme Court denied applicant's petition for writ of certiorari on October 1, 1990. *Jacobs v. Texas*, 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990).

The trial court scheduled applicant's execution date for December 13, 1990.

Applicant presented twenty-two (22) allegations in his application challenging the validity of his conviction and the resulting sentence. On November 26, 1990, this Court ordered this cause filed and set for submission on applicant's sixth and seventh allegations, both concerning alleged *Penry*[1] errors. We also granted applicant a stay of execution pending further orders from this Court. We will deny relief.

In his sixth allegation, applicant contends that the first special issue of article 37.071, V.A.C.C.P. instructed the jury that he caused the death of the deceased and consequently prevented the jury from considering and giving mitigating effect to evidence regarding his alleged lesser role in the offense. At the guilt-innocence phase of trial, conflicting evidence was presented as to whether applicant actually shot the deceased,[2] and the jury was instructed on the law of parties.

1. *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Applicant raises these claims for the first time in the instant application. Because this Court has held that this issue may be raised for the first time via a writ of habeas corpus, we will address the merits of applicant's contentions. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex.Cr.App.1991).

2. In a pre-trial statement given to the authorities, which was videotaped and played for the jury, applicant stated that he abducted the deceased from her apartment, took her to a wooded area, shot her in the head, and buried her. While he was in jail, applicant also wrote a letter to his girlfriend and explained that he killed the deceased for the love of his sister, who was living with the deceased's estranged husband. The letter was admitted into evidence at trial. During the guilt-innocence phase of the trial, applicant testified in the narrative that his sister asked him to help her scare the deceased. According to applicant's testimony, he abducted the deceased from her apartment, took her to the wooded area, tied her up and put her in a tent that he had previously set up. After some time had passed, applicant brought the deceased to a nearby abandoned house to talk with his sister. Applicant left, but then heard a gunshot and returned to the house to find the deceased dead and his sister holding a gun. Later that evening, he dug a grave and buried the deceased.

3. Article 37.071(b) provided at the time of applicant's trial:

Article 37.071 of the Texas Code of Criminal Procedure, as it existed at the time of applicant's trial, set forth this state's death penalty scheme.[3] If the jury unanimously answers "yes" to each submitted issue, then the trial court must sentence the defendant to death; otherwise the defendant is sentenced to life imprisonment. Art. 37.-071(e), V.A.C.C.P.

The United States Supreme Court has held that the Eighth Amendment permits imposition of the death penalty on one who aids and abets in a felony resulting in murder, if he kills, attempts to kill, or intends that a killing take place or that lethal force be used. *Enmund v. Florida*, 458 U.S. 782, 797–801, 102 S.Ct. 3368, 3376–78, 73 L.Ed.2d 1140 (1982).[4] In keeping with the *Enmund* holding, this Court has held that the law of parties is inapplicable to the punishment phase of a capital murder trial.[5] *Green (G.W.) v. State*, 682

On conclusion of the presentation of the evidence, the court shall submit the following three issues to the jury:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

Art. 37.071(b), V.A.C.C.P.. In response to the United States Supreme Court's holding in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), the legislature has amended article 37.071, V.A.C.C.P., effective September 1, 1991. *Ex Parte Harris*, 825 S.W.2d 120, 121 n. 2 (Tex.Cr.App.1991).

4. The Supreme Court expanded the *Enmund* standard in *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987). The Eighth Amendment permits a death sentence if the defendant was a major participant in the offense and acted with reckless indifference to human life, e.g., watched the killing and did nothing to help the deceased.

5. "The purpose of the issues under [article] 37.-071(b) is to guide the jury when examining the culpability and conduct of the *individual defen-*

S.W.2d 271, 287 (Tex.Cr.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). Thus, a defendant in a capital murder trial can not be sentenced to death for another's deliberate conduct in killing the deceased, unless the defendant too acts deliberately; the Eighth Amendment requires an individualized assessment of the defendant's culpability. *See Green (Norman Evans) v. State,* 840 S.W.2d 394, 409 (Tex.Cr.App.1992). This Court has held that the first special issue directs the sentencing jury's attention to the individual defendant and does not violate *Enmund. See Tucker v. State,* 771 S.W.2d 523, 530 (Tex.Cr.App.1988), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989). Therefore, applicant's contention that the first special issue instructed the jury that he caused the deceased's death and thus precluded an individualized assessment is without merit.

Additionally, applicant's role in the offense bears directly on whether he acted deliberately as that term is used in the first special issue, and therefore is not the type of evidence requiring a *Penry* instruction. *See Bridge v. Collins,* 963 F.2d 767, 770 (5th Cir.1992) (the jury could consider and give mitigating effect to evidence that the accomplice killed the victim when answering the first special issue concerning petitioner's deliberateness); *cf. Lane v. State,* 822 S.W.2d 35, 39 (Tex.Cr.App.1991) (evidence that the gun accidentally discharged went to the question of deliberateness and intent and could be given full effect within the first special issue), *cert. denied,* —— U.S. ——, 112 S.Ct. 1968, 118 L.Ed.2d 568 (1992). The record is devoid of facts that would tell us whether the jury found applicant guilty as the triggerman or as a party to the offense. But, applicant concedes in his brief and we agree that a defendant in a capital case can act "deliberately" within the meaning of the first special issue without proof that he actually did the shooting.

*Belyeu v. State,* 791 S.W.2d 66, 73 (Tex.Cr. App.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 1337, 113 L.Ed.2d 269 (1991). Even if applicant was convicted as a party, given his testimony that he was a major participant in the kidnapping and killing, the jury could have found that he acted deliberately without finding that he actually shot the deceased. We hold that the jury could consider and give mitigating effect to evidence regarding applicant's alleged lesser role in the offense in answering the first special issue.

■ Applicant further contends that absent a definition of the term "deliberately," as that term is used in the first special issue, the jury could not give mitigating effect to evidence tending to show his lesser role in the offense. This Court has consistently rejected claims that the trial court should define the term "deliberately" in the jury charge, and we decline to hold such a requirement here. *Draughon v. State,* 831 S.W.2d 331, 338 (Tex.Cr.App. 1992); *Lane,* 822 S.W.2d at 40; *Ramirez v. State,* 815 S.W.2d 636, 656 (Tex.Cr.App. 1991). Applicant's sixth allegation is overruled.

In his seventh allegation, applicant contends that the jury that sentenced him to death was unable to consider and give effect to significant mitigating evidence, in violation of the eighth and fourteenth amendments to the United States Constitution. As authority, applicant relies upon *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989); *Franklin v. Lynaugh,* 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988); and, *Mayo v. Lynaugh,* 893 F.2d 683 (5th Cir.1990).

In *Franklin,* petitioner argued that absent his requested jury instructions the jury could not give independent mitigating weight to his good prison disciplinary record. *Franklin,* 487 U.S. at 177, 108 S.Ct.

---

*dant so as to prevent a defendant in a capital case from being punished for the deliberate conduct of another." Black v. State,* 816 S.W.2d 350, 357 (Tex.Cr.App.1991) (emphasis in original) [citing *Green (G.W.) v. State,* 682 S.W.2d 271 (Tex.Cr.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985) ].

"The State ... must focus on the defendant's own culpable conduct to determine whether the murder was committed deliberately and with a reasonable expectation that death would result." *Tucker v. State,* 771 S.W.2d 523, 529 (Tex.Cr. App.1988) (citations omitted), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989).

at 2329. A plurality of the Supreme Court determined that Franklin was not sentenced to death in violation of the Eighth Amendment because the jury was free to consider and give effect to his good behavior in prison in answering the second special issue. *Id.* at 180, 108 S.Ct. at 2330.

In *Penry,* the Supreme Court determined that the special issues contained in article 37.071, as applied, did not provide the jury with a vehicle to give full mitigating effect to evidence of Penry's mental retardation and severe childhood abuse. *Penry,* 492 U.S. at 328, 109 S.Ct. at 2952. The evidence in *Penry* was considered to be double-edged because it diminished Penry's blameworthiness for the crime, but it also indicated a probability of future dangerousness under the second special issue. *Id.* at 323, 109 S.Ct. at 2949. Thus, an instruction "informing the jury that it could consider and give effect to the mitigating evidence ... by declining to impose the death penalty" was necessary. *Id.* at 328, 109 S.Ct. at 2952.

■ Applicant contends that the jury was precluded from considering and giving mitigating effect to evidence of his troubled childhood; cooperation with the police; remorse; efforts to better his life by starting a successful auto repair business while on parole and educating himself while in prison; trustworthiness; love for his family and friends; and, that he was president of a prison group dedicated to benefiting charitable institutions and helping unwed mothers and abused children.

With the possible exception of applicant's troubled childhood, neither the United States Supreme Court nor this Court has recognized applicant's mitigating evidence as the type requiring an additional jury instruction. *See Franklin; Fuller v. State,* 827 S.W.2d 919, 936–37 (Tex.Cr.App. 1992) (testimony that appellant was a model employee, mannerly and quiet, respectful, and not mean, violent, or belligerent was not *Penry* evidence); *Ex Parte Harris,* 825 S.W.2d 120, 121–22 (Tex.Cr.App. 1991) (evidence of applicant's remorse and cooperation with the police could have been given full effect within the submitted is-

sues); *Boyd v. State,* 811 S.W.2d 105, 111 (Tex.Cr.App.), *cert. denied,* — U.S. —, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991) (evidence of appellant's remorse, good employment record, and positive character traits was given full effect within the second special issue); *Boggess v. State,* No. 69,990, 1991 WL 87597 (Tex.Cr.App. May 29, 1991) (op. on remand from United States Supreme Court) (evidence of appellant's academic success through high school, good employment record, and educational activities during his prison incarceration did not require a *Penry*-type charge), *petition for cert. filed,* Aug. 27, 1991; *Ex Parte Baldree,* 810 S.W.2d 213, 216–17 (Tex.Cr.App. 1991) (evidence that applicant was caring, kind, and non-violent can be fully considered within second special issue).

With respect to applicant's troubled childhood, in it's findings of fact and conclusions of law, the trial court found that:

19. At the guilt-innocence phase of trial, Applicant presented evidence, including his testimony, regarding his background from childhood.... Applicant, thirty-seven years of age at the time of trial, testified he never knew his mother and was abandoned by his father at a young age, and he thereafter lived in foster homes, juvenile halls or prison....

Such evidence is not *Penry*-type evidence that would necessitate a *Penry* instruction. *Goss v. State,* 826 S.W.2d 162, 166 (Tex.Cr. App.1992) (evidence that appellant was beaten with a shoe, belt, and a wooden slat, and that he did not know his mother until late in his development was not *Penry*-type evidence); *Earhart v. State,* 823 S.W.2d 607, 632 (Tex.Cr.App.1991) (vague testimony that appellant was treated badly as a child and that he was "not dealing with a full deck" was not *Penry*-type evidence); *Lewis v. State,* 815 S.W.2d 560, 567 (Tex. Cr.App.1991) (evidence demonstrating that appellant did not have a happy childhood and that he was remorseful did not require a *Penry* charge because such evidence lacked significant mitigating value), *cert. denied,* — U.S. —, 112 S.Ct. 1296, 117

L.Ed.2d 519 (1992). Applicant's seventh allegation is overruled.

Accordingly, the relief sought is denied.[6]

CLINTON, J., dissents.

6. Applicant's remaining allegations are denied on the basis of the trial court's findings of fact and conclusions of law.