## HOME INDEMNITY CO. OF NEW YORK v. PETERS et al.

### No. 8110.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1936.

J. F. Battaile, of Houston, Tex., for appellant.

Ben Campbell, of Houston, Tex.; and V. A. Collins and Farquhar Campbell, both of Livingston, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was in equity to cancel, as null and void from the beginning, an automobile policy insuring against public liability and property damage, issued to one A. H. Peters. As originally filed, A. H. Peters and J. S. Peters, his guardian were the only defendants. The claim on the merits was that the policy was void, because A. H. Peters was, when the policy was issued, under court guardianship as insane, and it had been issued by the plaintiff's agent, J. S. Peters, the insured's brother, upon his own request as insured's guardian; he thus acting in a dual and inconsistent capacity, as agent, at the same time, for insured and insurer.

The grounds of equitable jurisdiction alleged were that within the limits and under the conditions named in the policy, it obligated appellant to pay any losses by reason of liability to third persons or their property imposed by law upon the insured, and gave a direct action against the company therefor, and that unless the policy should be canceled plaintiff would be unjustly subjected to third person suits under it. Pleading to the jurisdiction for want of the requisite jurisdictional amount, de-

fendants alleged that the policy as to the future had already been canceled by plaintiff under its terms, and that there was no allegation as to what amount of past liability had already been incurred under the policy.

Pleading further to the jurisdiction, they asserted that there was a want of necessary parties, in that it appeared from plaintiff's pleading that there were persons making or about to make claims under the policy who were not parties to the suit.

For answer, they denied that the policy had been issued in bad faith, or was cancelable, alleging that if A. H. Peters was insane when it was issued, which was not admitted, J. S. Peters had not acted for him as his agent, but as guardian appointed by the court, and as the agent and representative of the court.

Plaintiff, amending, brought in as defendants eight named persons, who were alleged to have individually sued Peters in a state court for damages in large amounts caused to each of them and their property by the negligent operation of Peters' automobile. Each of these defendants, pleading to the jurisdiction of the federal court as such, denied that there was or could be any controversy in the federal court between him and appellant, each alleging that he had taken judgment in his suit in the state court for a sum less than $3,000. Each also, subject to his plea to the jurisdiction, denied the existence of the equitable grounds alleged. Each especially pleaded that Peters was not and never had been insane, and that the policy had been duly and properly issued and that no grounds for its cancellation existed.

The District Judge thought Di Giovanni v. Camden Ins. Ass'n, 295 U.S. 728, 55 S. Ct. 834, 79 L.Ed. 1678, and Enelow v. New York Life Ins. Co., 293 U.S. 379, 384, 55 S.Ct. 310, 312, 79 L.Ed. 440, controlling. In a memorandum opinion he held that the bill should be dismissed for want of equitable grounds for taking jurisdiction. He dismissed the bill not on the merits, but on the grounds taken in that opinion.

Appellant is here insisting that the decree should be reversed, both because this case differs from the ones the District Judge relied on, and because if under their authority the court ought not to have taken jurisdiction in equity to grant coercive relief it should have done so for a declaratory judgment.

We agree with the District Judge that the Enelow and Di Giovanni Cases are controlling, and that no case for the exercise of the federal equity jurisdiction appellant invoked was made out here. The claims which appellant seeks to defeat by having the policy adjudged invalid were, when the suit was filed, actively in process of being asserted. No reason is given by appellant, and none suggests itself, why individuals having judgments against the insured for less than the federal jurisdictional amount should be required to surrender their right to proceed in the state court and at law in order to enable plaintiff to have an adjudication in one action in the federal court and on the equity side as to its liability to them.

It appears that the suits, six in number, which plaintiff fears will be pressed against it injuriously, have all gone to judgment in the same court in suits in which the same counsel represents each of the plaintiffs. It reasonably appears that one suit at law will test the question of plaintiff's liability on the policy as to all. Cf. Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447. In this situation it would be to set federal equity jurisdiction in motion to interfere with the rightful independence of state governments and state courts on slight and inadequate grounds. This a court of equity will not do.

As to appellant's claim that jurisdiction should have been retained to render a declaratory judgment, it is sufficient to say that the exercise of that jurisdiction was not invoked, and that whether it could have been exercised is not properly before us for decision.

Appellant claims, too, that though in his memorandum the District Judge declared that the case ought to be dismissed for want of grounds for the exercise of the equitable jurisdiction, the findings of fact and the form of the decree give the dismissal the appearance, and may give it the effect, of a judgment on the merits, operating to bar appellant from asserting its defenses when sued at law.

We think it is quite plain that the decree was not intended to have such effect, and that, construed in connection with the judgment roll as a whole, it could not have that effect. It is a dismissal for lack of equitable jurisdiction, and as such is, we think, as plainly a dismissal without prejudice as a dismissal for lack of subject mat-

918

ter jurisdiction would be. Meyer v. Kansas City Southern R. Co. (C.C.A.) 84 F. (2d) 411.

Nevertheless, in deference to appellant's apprehensions, we think that it should be made plain that it was without prejudice to its defenses in the law actions, by having our order of affirmance so declare.

Affirmed.