**RED ROCK COLA CO. v. RED ROCK BOTTLERS, Inc.**

No. 13461.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1952.

Cyrus R. Vance, New York City, Allen E. Lockerman, Atlanta, Ga., for appellee.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

The appellant, Red Rock Cola Company, is a manufacturer of cola concentrate and Red Rock Bottlers, Inc. was heretofore its exclusive franchised distributor of such concentrate to retail bottling plants. These parties will be sometimes referred to as Cola and Bottlers.

In 1938 Cola entered into a contract with certain individuals who immediately thereafter assigned the contract to Bottlers, a corporation organized for this purpose, granting the exclusive rights to bottle Red Rock Cola; to use the trademark "Red Rock"; and to license bottling plants throughout an extensive territory to bottle and distribute the beverage. The contract provided that the licensee could not bottle, sell, or manufacture soft drinks other than those bearing the trademark "Red Rock", and that the contract could be terminated by Cola upon the failure of the licensee to purchase a specified minimum amount of cola concentrate from the licensor during any one year. In 1939, Red Rock Company, a corporation owned by the same individuals who owned Red Rock Cola Company, entered into a contract with S. C. Satterthwait, Sr., which contract was immediately thereafter assigned to Bottlers, granting the exclusive right to bottle and distribute certain flavored beverages, the concentrate or syrup for which was manufactured by Red Rock. This contract also provided that the licensee could not bottle, sell or manufacture any soft drinks other than those bearing the trademark "Red Rock", and that the contract could be terminated by Red Rock upon the licensee's failure to purchase the specified quantities of the concentrate or syrup annually. This contract had an additional provision that it would remain in force so long as the 1938 Cola concentrate contract remained in force, and in case the latter contract should be cancelled, this contract would automatically terminate on the same date.

M. E. Kilpatrick, Atlanta, Ga., for appellant.

Thereafter, on December 10th, 1941, both contracts were amended by individual amendments, the effect of which was to reduce the minimum purchase requirements of the original contracts. In 1946, the Cola and Red Rock Companies were reorganized and thereafter all purchases of the concentrate and syrups were made from Cola.

From the time the original contracts were made until 1948, Bottlers and its sub-franchised dealers spent approximately $8,000,000 advertising and developing the market for Red Rock beverages. At the time this action was brought there were 128 sub-franchised dealers actively distributing the products in question.

In August, 1949, after considerable discussion and negotiation between the parties, Cola instituted a suit against Bottlers in the Superior Court of Fulton County, Georgia alleging failure to purchase the required minimum amount of its products provided for by the contract, and praying for a judgment that such failure was cause for, and would, terminate the contract. Thereafter, in April, 1950, another suit was filed in this State Court by the Fulton National Bank of Atlanta as escrow agent, it being instituted in accordance with the terms of an escrow agreement, and praying the Court to ascertain and declare whether Bottlers or Cola was entitled to receive the envelope containing the secret formula. In July, 1950, the present action was filed by Bottlers against Cola, The Red Rock Company, and six individuals seeking relief for alleged violations of the Sherman Act,[1] and the Clayton Act.[2] The complaint was cast in three counts, the first, predicated upon a conspiracy to restrain and monopolize trade in violation of the Sherman Act by the unlawful breach of the contract above referred to; the second, upon the claim that specified provisions of the contract were illegal under Section 3 of the Clayton Act,[3] and the third, based upon the allegations in the first count and ancillary thereto, and which admittedly asserts no independent federal jurisdiction. Damages were prayed under the first count in the amount of $700,000, which was sought to be recovered in treble amount, or $2,100,000. Plaintiff also prayed for damages in a sum equal to treble the amount of profits alleged to have been lost because of the provisions of the contract claimed to be violative of the Clayton Act, supra; for a permanent injunction restraining further conspiracy; and for a judgment declaring that the two contracts are valid and subsisting except as to the provisions thereof claimed to be illegal.

Bottlers alleged that in 1948 the entire soft drink industry, except Coca Cola, suffered a depression in the trade, and the named defendants took advantage of this economic situation and entered into a conspiracy to restrain and monopolize trade and commerce in the production, distribution and sale of cola and other concentrates among the several states and between the United States and 'foreign nations. The primary objective of the alleged conspiracy was to seize the trade and business of Bottlers and thus achieve a monopoly on the production, distribution, and sale of all Red Rock products. This was to be accomplished by terminating the existing contracts and thereafter selling concentrates direct to the local bottling plants, eliminating Bottlers altogether, and thus take advantage of the distributor-bottler organization Bottlers had built up. Specific acts claimed to have been resorted to in order to accomplish the seizure were alleged.

After a hearing, in which the testimony consisted of the pleadings and certain affidavits, the Court made findings of fact,[4]

1. 15 U.S.C.A. §§ 1 and 2.

2. 15 U.S.C.A. § 14.

3. 15 U.S.C.A. §§ 1, 14.

4. These summarized the complaint before the Court and the nature of the proceedings then pending and undetermined in the State Court and found that the Anti-Trust Act case included the controversies presented in the State Court action, but that plaintiff could not obtain full and complete relief sought in the State Court action and would become entitled to the secret formula if it should succeed in the Anti-Trust action so that it might suffer irreparable injury if Red Rock Cola Com-

and on the basis of these findings entered conclusions of law,[5] and thereupon entered an order restraining the appellant and others from further prosecution of an action against appellee which was pending in the Superior Court of Fulton County, Georgia, and likewise from demanding or receiving "a certain sealed envelope containing the secret formula used in the manufacture of Red Rock Cola concentrate", which was held by an escrow agent and from prosecuting any action "in any Court concerning the subject of this action."

Appellant, Red Rock Cola Company, the only defendant who has appealed, assigns the grant of the injunction as error upon the claim that the entire record discloses: that the complaint sets forth no cause of action under the Anti-Trust Laws, and shows, at most, only a claim for breach of contract, not within the jurisdiction of the Court in the suit between the parties, all citizens of Georgia; that the evidence does not justify the injunctive relief granted; that it was not authorized as necessary in aid of the Court's jurisdiction,[6] nor by the terms of the authority to grant injunctive relief provided for by the Anti-Trust Laws.[7]

■ The appellant and appellee earnestly and well argue their respective contentions as to the sufficiency of the complaint to allege, and the evidence to disclose, grounds for relief sought under the provisions of the Anti-Trust Act, as well as the alternative claim of the appellant that in no view was there any basis in law or

facts for the issuance of the injunction. This appeal is only from the judgment of the Court granting the injunction and we do not explore the pleadings to determine whether any, or what, ground of relief may appear therein. It is true that in the trial Court's findings of fact it is declared that the complaint set forth a valid cause of action under the Anti-Trust Laws. However, this is not an appealable judgment. Cromelin v. Markwalter, 5 Cir., 181 F.2d 948, at page 949.

It is not clear whether the trial Court felt the injunction authorized under the provisions of Title 28, Section 2283, U.S. C.A., or under the provisions of Section 26 of the Anti-Trust statute, 15 U.S.C.A. § 26, or under both. We find it authorized under neither. Assuming, for the sake of argument, but by no means deciding, that cases could arise in which a State Court proceeding could be properly considered to threaten "a violation of the Anti-Trust Laws" so as to come within the last cited statute, and that likewise instances might arise when a Federal Court injunction against such proceeding would be necessary in aid of the jurisdiction of the Federal Court within the terms of Section 2283, supra, we find no such situation presented by this record.

■ Federal Courts will enjoin proceedings in State Courts with reluctance, and only "in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent". Douglas v. City

---

pany were permitted to pursue its demands for the formula in the State Court; and, further, that as it was alleged in the complaint and supported by affidavit of counsel that institution of one of the State Court proceedings was pursuant to the conspiracy in violation of the Anti-Trust Laws, and the subsequent action with reference to the secret formula was merely a continuation of such conduct, further prosecution of these suits would tend to impede and frustrate the jurisdiction of the Court; and that Red Rock Cola Company suffered no injury by the maintenance of the status quo pending the determination of the action.

5. "1. A final adjudication in this action will determine all existing controversies between the parties.

"2. Plaintiff will not be able to obtain the full and complete relief to which it claims it is entitled in either of the two aforesaid State Court actions.

"3. The further prosecution of the action entitled 'Red Rock Cola Company v. Red Rock Bottlers, Inc.', by the Red Rock Cola Company, and the further pressing of its demands for the surrender to it of the secret formula during the pendency of this action would impede and tend to frustrate the jurisdiction of this Court.

"4. Plaintiff will suffer grave and irreparable injury unless the requested injunction is granted."

6. 28 U.S.C.A. § 2283.

7. 15 U.S.C.A. § 26.

of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 881, 87 L.Ed. 1324; see Home Indemnity Co. of New York v. Peters, 5 Cir., 86 F. 2d 916, 917. The principle is forcefully expressed by Mr. Chief Justice Vinson speaking for the Court in the recent case of Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 349, 350, 71 S.Ct. 762, 768, 95 L.Ed. 1002: "Equitable relief may be granted only when the District Court, in its sound discretion exercised with the 'scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts,' is convinced that the asserted federal right cannot be preserved except by granting the 'extraordinary relief of an injunction in the federal courts.' Considering that 'few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case."

 The suit for treble damages in the federal Court, and the suit in the State Court to have declared Cola's right to terminate the contract because of the failure of Bottlers to comply with the minimum purchase requirements are both proceedings *in personam*. As such, each Court is entitled to proceed without interference from the other. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L. Ed. 226. If the contract, or the secret formula or other rights under the contract, could in any view be considered as the *res*, the State Court first acquired jurisdiction. Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435. The further contention of the plaintiff that the question of breach of the contract under the circumstances of this case is exclusively within the jurisdiction of the federal Court in its determination of the anti-trust suit cannot be sustained. If, because contrary to the Anti-Trust Act, the acts inducing the breach are available as a defense in the State Court action (as in fact they have been asserted by the defendant in that proceeding), any erroneous action is subject to review by the United States Supreme Court. Cf. Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219. If not so available as a defense, and therefore not a question which could be raised in the State Court, the result there would not be *res adjudicata* in the suit in the federal Court. So in neither view could the judgment in the State Court prejudice the ultimate result of the federal Court proceeding.

We conclude that the plaintiff has not made out such an exceptional case as to authorize the grant of an injunction by a federal court to stay proceedings in a State Court. The judgment granting the injunction is reversed and the cause remanded with direction that the order be set aside and the injunction be dissolved.

Judgment reversed.

Judge McCORD participated in the hearing and consideration of this case, but died before the opinion was finally prepared.