**JOS. L. MUSCARELLE, INC., Plaintiff,**

v.

**CENTRAL IRON MFG. CO. et al., Defendants.**

**The TRYBEE COMPANY, Inc. and Contractors Supply Corp., Third-Party Plaintiffs,**

v.

**WESTERN ELECTRIC COMPANY, Inc., Third-Party Defendant-Appellee,**

and

**United States of America, Intervenor.**

**A. & J. Friedman Supply Co., Inc. and Charles F. Guyon, Inc., Appellants.**

**No. 14550.**

United States Court of Appeals
Third Circuit.

Argued Feb. 17, 1964.

Decided March 10, 1964.

---

Aaron Z. Schomer, Passaic, N. J. (Gurtman & Schomer, Passaic, N. J., on the brief), for appellants.

James A. Major, II, Hackensack, N. J., for appellee, Western Elec. Co., Inc. (Major & Major, Hackensack, N. J., on the brief), for appellee.

Before KALODNER and HASTIE, Circuit Judges, and KIRKPATRICK, District Judge.

HASTIE, Circuit Judge.

This is an appeal from an interlocutory order of a United States District Court restraining "the defendants, Charles F. Guyon, Inc. and A. & J. Friedman Supply Co., Inc., * * * from prosecuting or proceeding with any execution which may have been instituted or may be issued against the petitioner, Western Electric Co., Inc.," on two designated judgments of the Superior Court of New Jersey, pending final disposition of the federal action. The first question we must decide is whether this preliminary injunction violates the restrictive provision of section 2283 of Title 28 United States Code, that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments".

■ Before outlining the facts of this case, we state briefly certain settled interpretations determinative of the reach of section 2283.[1] To come within the prohibition of this section an injunction need not be addressed to or directed against a state court or state officers. Injunctions are also prohibited which restrain litigants from prosecuting or going forward with state proceedings. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1940, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447; H. J. Heinz Co. v. Owens, 9th Cir. 1951, 189 F.2d 505, cert. denied, 1952, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677.[2] Moreover, an injunction against execution or any other proceeding to enforce a state judgment is forbidden as well as one against the prosecution of state litigation to obtain a judgment. Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293. Thus, it is plain on the face of the injunction in this case that it violates section 2283 unless it is permissible under one of the exceptions stated in that section. "Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions." Amalgamated Clothing Workers of America v. Richman Bros., 1954, 348 U.S. 511, 516, 75 S.Ct. 452, 455, 99 L.Ed. 600.

It is not contended that this case comes within the stated exception of injunctions "expressly authorized by Act of Congress". Neither is there outstanding any judgment of the district court which that court is seeking "to protect or effectuate". Thus, justification for the injunction, if any, must be found in the exception covering injunctions "necessary in aid of its [the district court's] jurisdiction". It is on this question that the parties have taken issue.

To resolve the dispute we must consider the nature and scope of the present proceeding and its relation to the outstanding state judgment. Both suits arise out of obligations incurred during the construction of a building by a contractor and subcontractors for the owner, Western Electric Co. The plaintiff in this suit, Muscarelle, Inc., is the primary contractor. This proceeding was removed to federal court after Muscarelle had instituted it in a state court as a suit in the nature of interpleader to determine how much Muscarelle owed a defaulting subcontractor and certain materialmen, including the appellants, who had been suppliers for the subcontractor, and whether a tax claim of the United States against the now bankrupt subcontractor was enforceable against Muscarelle and entitled to priority over the materialmen's claims.

Muscarelle did not make Western Electric a party to this suit. However, before the removal of the cause to federal court, the trial court had permitted Trybee Co., one of the defendant materialmen, to enlarge the litigation by filing therein a third-party claim against Western Electric, asserting that Trybee's rights under the New Jersey Mechanic's Lien Act were enforceable against Western Electric as the owner who still owed a balance on the prime contract. Beyond answering this third-party claim, Western Electric filed a petition averring that the defendants Friedman and Guyon had obtained New Jersey judgments enforcing their statutory liens and asking that the court restrain enforcement of these judgments pending final disposition of the present litigation. Western Electric now argues that the injunction *pendente lite* issued pursuant to that petition is sanctioned by the language of section 2283 authorizing a federal court to restrain a state proceeding where "necessary in aid of its jurisdiction".

■ In our view, this attempted justification of the order in question fails.

---

1. The history of this section is outlined and its comprehensive scope is emphasized in our decision in Nongard v. Burlington County Bridge Comm., 3 Cir., 1956, 229 F.2d 622.

2. Earlier decisions to the contrary have not been regarded as authoritative since their critical reexamination in Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100.

If the enjoined state proceeding could not prejudice any otherwise proper disposition of some claim pending in the federal suit, the injunction cannot be in aid of invoked federal jurisdiction. Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5th Cir. 1952, 195 F.2d 406. Within the framework of the present pleadings this action cannot result in any judgment which would be impaired or made less effective by the enforcement of the appellants' state judgments. As already pointed out, the appellants have asserted no claim against Western Electric which, in turn, has filed no claim against them, other than the petition for an injunction. The adjudication of the third-party claim of Trybee Co. against Western Electric could not be impeded or embarrassed by appellants' execution upon their state judgment against Western Electric. Indeed, the validity and enforceability of appellants' state judgments have in no way been challenged in this suit.[3]

■ Western Electric's primary concern seems to be that in combined effect the present suit and the appellants' state judgments may compel it to pay various claimants more than the total price it contracted to pay as owner for the entire construction project as carried out under its primary contract with Muscarelle. Whether this risk of double liability is substantial does not now appear. But in any event such a risk would not make the questioned injunction in aid of any jurisdiction which has been invoked and is being exercised in this suit. Cf. In re Magnus Harmonica Corp., 3d Cir. 1956, 237 F.2d 867.

Finally, it is noteworthy that federal interpleader, with attendant statutory authority to enjoin state actions, is a familiar remedy which an obligor can invoke to relieve himself of just such duplicitous and excessive liability as Western Electric says it fears. Cf. Francis I. du Pont & Co. v. Sheen, 3d Cir. 1963, 324 F.2d 3. But Western Electric

3. In passing, we observe that even if questions litigated in the state action were somehow raised in the present suit, the

has not seen fit to utilize that remedy. Instead, it has attempted a short cut by way of injunctive relief that is prohibited by section 2283.

The judgment will be reversed.