**John E. JENNINGS and Helen M. Jennings,**

v.

**BOENNING & COMPANY and Boenning & Scattergood, Inc.**

**Civ. A. No. 72–427.**

United States District Court, E. D. Pennsylvania.

Oct. 31, 1972.

Edward Fackenthal, of Henderson, Wetherill & O'Hey, Norristown, Pa., for plaintiffs.

Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BRODERICK, District Judge.

This is an action for damages for violation of Regulation 12 C.F.R. § 220.-4(b)(2) of the Securities and Exchange Commission, promulgated pursuant to 15 U.S.C. § 78g. This Regulation sets forth the margin requirements for brokers and dealers in securities. The plaintiffs claim that the defendants failed to liquidate plaintiff Helen M. Jennings' account when she did not make full payment for certain bond transactions within seven days after purchase, thus violating the Securities

and Exchange Act and the Regulations enacted pursuant thereto. The complaint also alleges that the note made by plaintiffs to settle the deficit in Helen Jennings' account created by the defendants' alleged violations is void pursuant to 15 U.S.C. § 78cc as an additional and continuing extension of credit.

On September 25, 1972, a hearing was held on plaintiffs' motion to preliminarily enjoin the defendants from proceeding with an execution sale of plaintiff Helen Jennings' residence, which execution sale was being made pursuant to a Common Pleas Court judgment entered on the aforesaid note which contained a confession of judgment. At the hearing the parties agreed to stipulate to all essential facts necessary for the Court's determination of the motion for a preliminary injunction, but the defendants vigorously contended that this. Court was without jurisdiction to grant the injunction, that the judgment in the state court was *res adjudicata*, and more specifically that such an injunction would violate the federal anti-injunction statute, 28 U.S.C. § 2283. After the hearing and a review of the briefs of the parties, this Court determined that it did have jurisdiction, that the state court judgment was not *res adjudicata*, and that the federal anti-injunction statute did not prohibit this Court from issuing a preliminary injunction in this matter. On October 6, 1972, this Court issued the following Order:

## ORDER

AND NOW, this 6th day of October, 1972, on presentation and consideration of the complaint filed in this matter, and plaintiff's motion for a preliminary injunction and after a hearing, together with briefs, requests for findings of fact and conclusions of law, and a stipulation by the parties, it is

ORDERED that defendants Boenning & Company and Boenning & Scattergood, Inc., their agents, servants, employees and attorneys, and all persons in active concert and partici-

pation with them, pending the determination of this matter on the merits, are enjoined from commencing, or if commenced, from continuing with execution proceedings (defendants being directed to stay all such proceedings if commenced) against plaintiff Helen M. Jennings' premises at 250 Bell Road, Wynnewood, Montgomery County, Pennsylvania, on a judgment of the Montgomery County Court of Common Pleas of April 14, 1966, case no. 66–4339.

FURTHER ORDERED that as a condition to the effectiveness of this order that the plaintiffs file a bond with corporate surety approved by the Clerk of the Court in the amount of $5000.00. If at any time the plaintiff's equity in the premises should decrease so as to jeopardize the value of the defendant's judgment, the defendants may petition this Court for an increase in the amount of the bond.

FURTHER ORDERED that all discovery in this case shall be completed before December 1, 1972, and a settlement conference is hereby scheduled at 9:00 A.M. on December 4, 1972 and a pretrial conference on December 11, 1972 at 9:00 A.M. Immediately after the pretrial conference the case will be listed for trial.

Findings of fact and conclusions of law in support of this order will be filed by the Court.

For the purpose of the motion for a preliminary injunction, the Court finds that:

Plaintiff John E. Jennings, as defendant's registered representative purchased for plaintiff Helen Jennings' trading account certain Eastern Airlines debentures on February 9, 1966 and certain Rohr Aircraft debentures on January 18, 1966. The defendants failed to liquidate these transactions within seven days of the purchase dates when plaintiff Helen Jennings failed to make full payment, thus violating the margin requirements, and ultimately sold the Eastern securities on March 1, 1966 and the Rohr securities on March 2 and 3,

1966. During the time that the defendants held the securities in violation of the margin requirements, their fair market value decreased by $32,175. When they were finally sold, this $32,175 decrease in value was charged against Helen Jennings' account, resulting in a net deficit of $30,500. On April 12, 1966 Boenning and Company demanded that the plaintiffs give the firm a judgment note in the amount of $30,500 in payment of this deficit. After the Jennings signed the note, the brokerage firm, without notice, obtained a judgment based on a confession in the note in the Court of Common Pleas of Montgomery County, Pennsylvania, on April 14, 1966, Civil No. 66–4339.

On July 13, 1970, ten days after execution proceedings were begun, Helen Jennings petitioned the Montgomery County Common Pleas Court to open the judgment and permit the assertion of a defense. Boenning & Company opposed the petition, and the matter was argued before the Common Pleas Court of Montgomery County sitting *en banc*. By its order of February 29, 1972, supported by an opinion of May 18, 1972, the Montgomery County Court denied Helen Jennings' petition to open. The Jennings took an appeal to the Pennsylvania Superior Court, and on August 10, 1972 the Superior Court affirmed the Common Pleas decision *per curiam*, without an opinion. Boenning and Company v. Jennings, et al., 222 Pa.Super. 712, 294 A.2d 739 (1972). The opinion of the Montgomery County Court states that the brokers alleged violations of the Securities and Exchange Act and Regulations thereunder were not considered, nor was jurisdiction entertained over the Jennings' asserted federal defense, the Court having held that laches precluded Helen Jennings from asserting her federal claim. Almost immediately after the Superior Court's affirmance, the brokerage firm reinstated execution proceedings and the Jennings' family residence was scheduled for sale by the Montgomery County Sheriff on or after October 18, 1972. The complaint in the instant action was filed in this Court on February 29, 1972, and the motion for a preliminary injunction to enjoin the sale was filed on September 14, 1972.

The primary issue currently before this Court is whether the Federal Anti-Injunction Statute bars the granting of the requested relief. The Federal Anti-Injunction Statute provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283.

In determining the applicability of the anti-injunction statute to the instant motion, the Court is well aware of the admonition of the Supreme Court of the United States in Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) that:

any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. Moreover since the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts [and the Supreme Court of the United States].

Thus, it is clear that since the instant motion requests this Court to enjoin a state court proceeding, one of the exceptions set forth in the anti-injunction statute must apply or this Court is barred from granting the injunction. We must, therefore, consider the applicability of the exceptions to the instant motion.

■ The first exception in the Anti-Injunction Statute permits injunctions "as expressly authorized by Act of Congress," 28 U.S.C. § 2283. This Court concludes that it has been specifically authorized by act of Congress to issue the injunction requested in this case by Section 21(e) of the Securities and Exchange Act (15 U.S.C. § 78u(e) (1970). Studebaker v. Gittlin, 360 F.2d 692, 696–698 (2d Cir. 1966). In the *Studebaker* case, the Second Circuit held that the United States District Court was expressly authorized by the Section 21(e) to enjoin a state court proceeding at the request of a private party where the state court proceeding would be a circumvention of the the SEC Act or regulations issued pursuant thereto. In the *Studebaker* opinion, Judge Friendly stated:

> The congressional policy underlying this provision, [15 U.S.C. § 78u(e)] which in substance and organization is substantially the same as that considered in the *Bowles* case [Bowles v. Willmington, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892], was to insure effective enforcement of the Exchange Act and SEC rules for the protection of the investing public. Under the rationale of the *Bowles* decision and the *Richman* opinion [Amalgamated Clothing Workers v. Richman Bros. Co., 348 U.S. 511, 75 S.Ct. 452, 99 L. Ed. 600], there is little question that if the Commission had sought the injunction here, § 2283 would not have blocked its way. We are not persuaded that a different decision is compelled under the circumstances of this case. If the policy of the anti-injunction statute is superseded by the need for immediate and effective enforcement of federal securities regulations and statutes, the fact that enforcement here is by a private party rather than the agency should not be controlling. The Supreme Court has recognized such a suit as being 'a necessary supplement to Commission action' in providing the protection for investors contemplated by the statute, J. I. Case

Co. v. Borak, 377 U.S. 426, 432, 84 S. Ct. 1555, 1560 [12 L.Ed.2d 423] (1964). The situation is quite different from that in labor relations where Congress has vested the sole right to seek injunctive relief to prevent violations of the Act in the National Labor Relations Board, 29 U.S.C. § 160(j) and (*l*). [citations omitted.] . . . The Court in *Red Rock* [Red Rock Cola Co. v. Red Rock Bottlers, Inc., 195 F.2d 406 (5 Cir. 1952)] expressly disclaimed deciding whether an injunction might not issue in a case where the very act of prosecuting the state proceeding violated federal law, 195 F.2d at 409—the situation here where the authorizations on which the state action was predicated had been obtained in contravention of the federal statute. Studebaker v. Gittlin, *supra*, at 697–698.

The *Studebaker* case, unlike the automobile with the same name, has maintained its vitality, having recently been cited with apparent approval by the United States Supreme Court. Mitchum v. Foster et al., 407 U.S. 225, 92 S.Ct. 2151, 2159 fn. 25, 32 L.Ed.2d 705 (1972).

This Court recognizes the *Studebaker* case as controlling of the issue of the applicability of the "expressly authorized" exception in the matter before us. The note on which the state court action was based was obtained as part of a stipulation or agreement which, in effect, waived compliance with the margin requirements of the Securities and Exchange Commission, which stipulation is void as a matter of federal law. 15 U. S.C. §§ 78g, 78cc(a)(b) (1970). The enforcement of the note by the confession of judgment in the state court is a matter for injunctive relief, pursuant to 15 U.S.C. § 78u(e). The reasoning of the Supreme Court of the United States which recognized the necessity for acknowledgement of a private right of action for violations of the Securities Act in J. I. Case v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) and which prompted the Second Circuit in *Studebaker* to find that federal district

courts are expressly authorized by Congress to enjoin state court proceedings at the request of private parties for violations of Section 14(a) of the Securities Regulations is equally applicable to violations of Sections 7(c) and 29 of the Act and the Regulations promulgated pursuant thereto. Pearlstein v. Scudder & German, 429 F.2d 1136, 1140 (2d Cir. 1970), 15 U.S.C. §§ 78g(c), 78cc.

■ Furthermore, this Court is of the opinion that the second exception provided in the Federal Anti-Injunction Statute for injunctions "necessary in aid of" the jurisdiction of the District Court likewise enables this Court to issue the requested relief. 28 U.S.C. § 2283. In considering whether the requested relief is "necessary in aid of" the jurisdiction of this Court, we call attention to the decision of Judge Waterman of the Second Circuit in Pearlstein v. Scudder & German wherein a somewhat similar factual situation was presented. 429 F. 2d 1136 (2d Cir. 1970). In the *Pearlstein* case the plaintiff-customer purchased bonds from the defendant-broker and the broker failed to liquidate the transaction when the customer did not make full payment for the bonds within seven days of purchase. At a later date, the parties entered into an agreement wherein the customer agreed to pay the debt. When the customer was unable to make a payment pursuant to the agreement, the defendant-broker extended the time for payment on the condition that the customer sign a confession of judgment in an action filed the same day in the New York Supreme Court. After the judgment was confessed, the customer then attempted to open the judgment, based on his asserted claim pursuant to the SEC Act, but the petition was dismissed by the State Court on the ground that it lacked jurisdiction over the alleged violations. The customer then filed an action in federal court alleging that the stipulation and confession were void, and claiming the broker violated the margin requirements of the Securities Act. The Second Circuit reversed the decision of the District Court which

had ruled that the stipulation of settlement barred plaintiffs' subsequent suit in federal court, and held that the confession of judgment was invalid as an illegal and continuing extension of credit in violation of 15 U.S.C. § 78cc(a)(b) and reasoned that the argument which made the original confession of judgment invalid applied with equal strength to a refusal to accept as *res adjudicata* the judgment of the state court entered on the confession. *Pearlstein, supra,* at 1143–1144. The situation in the instant case is identical, for all practical purposes, as the Jennings in effect waived compliance with the margin requirements by agreeing to assume responsibility for the loss sustained in Helen Jennings' account, and signed the note which contained a confession of judgment upon which the brokers obtained a judgment. The Jennings were also unsuccessful in their attempt to open the judgment to permit the assertion of their federal claim. Thus the note and the confession of judgment are void under Section 29, 15 U.S.C. § 78cc. Judge Waterman, in the *Pearlstein* opinion, states:

> it would nonetheless contravene public policy to give the stipulation [and the confession of judgment obtained pursuant to the stipulation] conclusory effect . . . . [and] would instead serve only to legalize the very extension of credit which the margin requirements seek to prevent and which suits such as this one serve to discipline. *Pearlstein, supra,* at 1143.

In discussing the applicability of the "necessary in aid" of jurisdiction exception in the anti-injunction statute, the Supreme Court of the United States in *Atlantic Coast Line Railroad, supra,* stated that an injunction is "necessary in aid of" jurisdiction when it is:

> necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. 398 U.S. at 295, 90 S.Ct. at 1747.

We think it important to note that the state court in the instant case declined to consider the Jennings' claim based on a violation of the federal law, and furthermore the state court lacked jurisdiction to decide the issue concerning the validity of the note based on violations of the Securities Act of 1934 because federal jurisdiction is exclusive. *Moran v. Paine et al.,* 279 F.Supp. 573, 579 (W.D.Pa.1967), affirmed 389 F.2d 242 (3d Cir. 1970). We consider it crucial that in the instant case the very act of prosecuting the state court confession of judgment action would result in enforcing a clear violation of the SEC Act. For this Court to permit circumvention of federal law would not merely interfere with the Court's consideration of the case, but actually seriously impair this Court's authority to enforce the applicable provisions of the Securities and Exchange Act which void stipulations, agreements and contracts in violation of the Act. 15 U.S.C. § 78cc(a)(b). We therefore, conclude that the injunction is necessary in aid of federal jurisdiction. 28 U.S.C. § 2283.

The only other contention of the defendant which warrants discussion is whether the state court judgment denying the Jennings' petition to reopen based on laches is *res adjudicata* to the federal issues raised in the complaint. It should be noted that Congress has vested the federal courts with exclusive jurisdiction over violations of the Securities and Exchange Act of 1934. *Moran v. Paine et al., supra.* Since the state court lacked jurisdiction over the federal claim which the Jennings attempted to assert, it is clear that the judgment of the state court is not *res adjudicata* as to those issues. Furthermore, we feel that the equitable doctrine of laches should be subordinated to the strong principles of public policy embodied in the Securities laws. Cf. *Pearlstein, supra,* 429 F.2d at 1143, and authorities cited therein.

Pursuant to the stipulation of the parties, the Court concludes that if an injunction is not issued the plaintiffs will suffer irreparable and immediate harm for which there cannot be adequate compensation in damages, that it is highly probable that plaintiffs will be able to establish on the merits that the note upon which the judgment was entered is void as an additional and continuing extension of credit, and that the defendants will suffer only minimal injury if the Court grants the injunction.