In re GLENN W. TURNER ENTERPRISES LITIGATION.

Appeal of KENTUCKY ATTORNEY GENERAL For and on Behalf of the COMMONWEALTH OF KENTUCKY.

No. 74–2253.

United States Court of Appeals, Third Circuit.

Argued May 13, 1975.

Decided Aug. 4, 1975.

---

Fred Lowenschuss, Fred Lowenschuss Associates, Philadelphia, Pa., for Gregory Smith, et ux., William K. Robbins and others.

Howard A. Specter, Litman Litman Harris & Specter, P. A., Pittsburgh, Pa., for Louis Romito, Robert Fierle and others.

Before ADAMS, ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge:

The promotional activities of Glenn Turner have spawned lawsuits with nearly the same abandon with which he sold distributorships and franchises in his various enterprises. An emerging collision between two of these lawsuits forms the basis of this appeal.

This action originated with the filing in the Western District of Pennsylvania of a class action by purchasers of distributorships and franchises in Glenn Turner's enterprises. Between September 1971 and April 1972, some twenty federal class actions against Turner's alleged "pyramid" sales practices had been filed under the federal securities acts and pendent state law. The Judicial Panel on Multidistrict Litigation, after argument, transferred all of the class actions to the Western District of Pennsylvania for consolidated pretrial procedures.

On January 15, 1973, the district court, after making the requisite findings, certified the proceedings as class actions under Federal Rule of Civil Procedure 23(b)(3). The court restrained all class members and parties acting through or on their behalf from instituting or continuing any actions in any state or federal court based on the activities of Turner which had given rise to the federal class actions unless the parties filed a notice of exclusion from the litigation.

Antedating the class determination order were actions by the attorneys general of 41 states against various of the defendants in the multidistrict litigation. One such action was brought by the

Robert V. Bullock, Asst. Deputy Atty. Gen., Div. of Consumer Protection, Frankfort, Ky., for appellant.

Kentucky Attorney General under the Kentucky Consumer Protection Act. The Kentucky circuit court enjoined Glenn Turner and his enterprises from engaging in their promotional activities and awarded a judgment of nearly $500,-000 to be paid to the Attorney General for distribution to Kentucky residents who had invested in Turner's ventures after June 16, 1972, the effective date of the Kentucky Act. The Attorney General then filed on January 18, 1973, an action to collect the judgment in the Circuit Court of Orange County, Florida.

At a pretrial conference on January 23, 1973, the United States district court permitted the 41 state attorneys general to intervene in the consolidated class actions. The court clarified its January 15 order, holding that actions by the attorneys general would be restrained only if they sought restitution from the defendants on behalf of any class members. A motion by the attorneys general to vacate the January 15 order was denied by the court on June 29, 1973.

On May 31, 1974, the Kentucky Court of Appeals affirmed the judgment of the Kentucky circuit court. *Dare To Be Great, Inc. v. Kentucky ex rel. Hancock,* 511 S.W.2d 224 (Ky.1974). On July 16, 1974, the Kentucky Attorney General moved to amend the previous order of the United States district court as it applied to him on the grounds that the Kentucky judgment was final, and that the federal class action had lost its viability after the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), requiring that the representative plaintiffs pay the costs of notice in class ac-

tions under Rule 23(b)(3). On August 27, 1974, the district court ordered that the restraints upon individual actions would be removed unless the representative plaintiffs provided the court with sufficient funds to pay the cost of notice by September 25, 1974. After extending the date for supplying funds, the court on October 8, 1974, acknowledged receipt of a proposed stipulation of settlement and maintained the restraint on individual actions. The Attorney General appeals the continuance. Subsequent to the appeal, the proposed settlement arrangement has broken down. We reverse the order of the district court.

I

Much of the controversy in this case centers upon the nature of the district court's order. The restraint on prosecution of other actions is not absolute; a party need only exclude himself from the class actions to be free of the restraint. Exclusion from a class action normally entails no procedural or substantive hardship for the class member. The order of the district court as applied to class members, therefore, may be viewed not as an injunction restraining class members from prosecution of other actions, but as a directive facilitating the orderly and efficient management of the class actions. We do not decide this question for we believe the order as applied to the Kentucky Attorney General effectively enjoins his execution upon the state court judgment.

The Kentucky Attorney General maintains that the Kentucky Consumer Protection Act [1] does not authorize him

---

1. The Kentucky Consumer Protection Act provides in relevant part:

Ky.Rev.Stat. § 367.170   Unlawful acts
   False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
Ky.Rev.Stat. § 367.190   Injunction; hearing
   (1) Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by [KRS 367.170] to be unlawful, and that proceedings would be in the

public interest, he may immediately move in the name of the commonwealth in a circuit court for a restraining order or temporary or permanent injunction to prohibit the use of such method, act or practice. . . .
   (2) Upon application of the Attorney General, a restraining order shall be granted whenever it reasonably appears that any person will suffer immediate harm, loss or injury from a method, act or practice prohibited by [KRS 367.170]. . . .
   (3) In order to obtain a temporary or permanent injunction, it shall not be necessary to

to represent in the federal consolidated class actions those Kentucky citizens defrauded by Turner's activities. We are without legislative or judicial guidance on the extent to which the Attorney General represents Kentucky citizens under the Act. Absent such guidance, we believe the interpretation of the Attorney General is proper. The silence of the Legislature belies an intent to take the unusual step of having the Attorney General represent Kentucky citizens in all suits, state or federal, emanating from those activities declared unlawful under the Act. Moreover, the position of the Attorney General, who is charged with enforcing the governing statute, is entitled to some weight. *Cf. e. g., Saxbe v. Bustos,* 419 U.S. 65, 74, 95 S.Ct. 272, 42 L.Ed.2d 231 (1974). Deference to the Attorney General's interpretation of the Act is particularly appropriate here because the interpretation is adverse to his best interests in this litigation. If the Attorney General did represent the Kentucky federal class members, he easily could exclude them from the class actions, thereby freeing himself from the restraints of the district court order.

■ Since the Attorney General cannot exclude Kentucky citizens from the federal class action, the January 15 order effectively prohibits him from executing upon his state court judgment. We have jurisdiction over the appeal of such an injunctive order under 28 U.S.C. § 1292(a)(1). *See Jennings v. Boenning & Co.,* 482 F.2d 1128 (3d Cir.), *cert. denied,* 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973) (by implication); *Klein v. Adams & Peck,* 436 F.2d 337 (2d Cir. 1971); 9 *J. Moore, Federal Practice* ¶ 110.20[1], at 235. The Attorney General's appeal from the October 8 order con-

tinuing the January 15 injunction properly was taken. 28 U.S.C. § 1292(a)(1).

## II

The conclusion that the January 15 order enjoins the Attorney General from executing upon his judgment inevitably leads to the question of the propriety of the injunction in view of the Federal Anti-Injunction Act, 28 U.S.C. § 2283 (1970). This statute provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ The "Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions." *Atlantic Coast Line R. R. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). It applies to injunctions, as in the instant case, directed not at the state court or its officers but at the parties to the litigation. *Id.* at 287, 90 S.Ct. 1739; *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.,* 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 447 (1940). It also applies to injunctions, as here, prohibiting judicial executions to enforce collection of a state court judgment. *Atlantic Coast Line R. R. v. Brotherhood of Locomotive Eng'rs, supra,* 398 U.S. at 287, 90 S.Ct. 1739; *Hill v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293 (1935). Such proceedings are considered supplementary to the main proceeding even when they occur in another court. *Hill v. Martin, supra,* 296 U.S. at 403, 56 S.Ct. 278. Thus, section 2283 bars the instant injunction unless it lies within one of the

allege or prove that an adequate remedy at law does not exist. Further, it shall not be necessary to allege or prove that irreparable injury, loss or damage will result if the injunctive relief is denied.

Ky.Rev.Stat. § 367.200 Restoration of property; appointment of receiver

The court may make such additional orders or judgments as may be necessary to restore

to any person in interest any moneys or property, real or personal, which may have been acquired by means of any practice declared to be unlawful by this act, including the appointment of a receiver or the revocation of a license or certificate authorizing any person to engage in business in the commonwealth or both.

three specified exceptions which "should not be enlarged by loose statutory construction." *Atlantic Coast Line R. R. v. Brotherhood of Locomotive Eng'rs, supra,* 398 U.S. at 287, 90 S.Ct. at 1743.

Our analysis will be facilitated by discussing the exceptions in reverse order. We safely may ignore the exception authorizing injunctions "to protect or effectuate [the court's] judgments" since the district court had entered none. *See Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co.,* 328 F.2d 791, 793 (3 Cir. 1964).

█ The district court relied upon the exception authorizing injunctions "necessary in aid of its jurisdiction." For this exception to apply "it is not enough that the requested injunction is related to that jurisdiction, but it must be *'necessary in aid of'* that jurisdiction." *Atlantic Coast Line R. R. v. Brotherood of Locomotive Eng'rs, supra,* 398 U.S. at 295, 90 S.Ct. at 1747. Rather, federal injunctive relief is appropriate only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.*

█ As comprehensively discussed in *Jennings v. Boenning & Co., supra,* 482 F.2d at 1131–35, the existence of an action for a personal judgment does not impair or defeat the jurisdiction of the court in which an action for the same cause is pending. Both courts are free to proceed without reference to the action in the other court. Whenever a judgment is rendered in one court it may be pleaded in the other and the effect of that judgment will be determined by the application of the principles of res judicata by the other court. See *Kline v. Burke Constr. Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co., supra.*

█ The application of these general principles bars the sustaining of the instant injunction, based at most upon a conflict between two in personam actions, as necessary in aid of the federal court's jurisdiction. The alleged inability of the various defendants to pay any judgment resulting from the federal class action if the Kentucky Attorney General is allowed to execute upon his judgment is not cause to create an exception to this general rule. First, although substantial tax liens have been filed against Glenn W. Turner Enterprises, Inc. and its subsidiaries, and one of the subsidiaries, Koscot Interplanetary Inc., has filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, there has been no finding that the various defendants would be unable to pay any federal judgment. More importantly, the inability of defendants to pay a judgment, assuming it exists, still would not be sufficient justification to issue the federal injunction. The fundament of the rule forbidding federal courts from enjoining parallel in personam state proceedings is a recognition of the principle that absent statutory or constitutional directive, the state and lower federal courts are independent, and that a federal action is not superior to a state proceeding merely because of its federal character. *See Jennings v. Boenning & Co., supra,* 482 F.2d at 1131–32. As a corollary to this principle, judgments resulting from federal actions are not preferred to judgments resulting from state actions because of their federal character. State litigants should not be barred from collecting fully on their judgments merely to facilitate the collection of judgments resulting from federal actions. This is especially true where the federal action, as here, has not culminated in a judgment, and indeed where settlement arrangements have broken down several times.

The final exception permits injunctions "expressly authorized by Act of Congress." In determining the scope of this exception, "[t]he test . . . is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could

be given its intended scope only by the stay of a state court proceeding." *Mitchum v. Foster,* 407 U.S. 225, 238, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972).

■ The district court apparently construed Federal Rule of Civil Procedure 23 as authorizing the instant injunction. We do not believe that Rule 23 constitutes an exception to section 2283, at least for actions such as this one brought under 23(b)(3). Members of the class in (b)(3) actions must be given the option of excluding themselves from the class and from any ensuing judgment. See Fed.R. Civ.P. 23(c)(2), (3); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Parties opting out of the class undoubtedly would be free to continue the prosecution of any state actions and execute upon any resulting judgment even if the execution totally depleted the common defendants' coffers. Since Rule 23 by its own terms creates a mechanism leaving parties in a b(3) action free to continue with any state proceedings, we cannot hold that a Rule 23(b)(3) class action can "be given its intended scope only by the stay of a state court proceeding."

■ Moreover, we do not perceive any substantial need for an injunction in the circumstances of this case. Presumably, the restraint on parties' initiating other actions before opting out of the federal class is to facilitate the determination of the members of the federal class. Kentucky citizens, on whose behalf the Kentucky judgment was entered, will be barred from any recovery in the federal class actions by the res judicata effect of the state judgment. *See International Prisoners' Union v. Rizzo,* 356 F.Supp. 806 (E.D.Pa.1973). The Kentucky citizens were not proper members of the class by virtue of the state judgment, rendering unnecessary their opting out before the district court finally determined the class's membership.

■ We quickly pass over any suggestion that the injunction was authorized by the provisions of the federal securities laws. Section 21(e) of the Securities Exchange Act, 15 U.S.C. § 78u(e) has been construed as an exception to section 2283. *See Studebaker Corp. v. Gittlin,* 360 F.2d 692 (2d Cir. 1966). The district court, however, in issuing the injunction clearly was concerned with the management of the class action, not with advancing the Securities Exchange Act. Moreover, the *Studebaker* rule justifies injunctions terminating a state court action which by its very nature furthered a violation of the provisions of the Securities Exchange Act. *See Jennings v. Boenning & Co., supra,* 482 F.2d at 1130. The instant state proceedings, however, were consistent with the goals of the federal securities laws.

III

■ The plaintiffs in the federal class action originally filed in the Eastern District of Pennsylvania have seized upon the appeal of the Kentucky Attorney General as a basis on which to piggy-back an appeal from the handling of the pretrial class action proceedings by the United States district court. A party may appeal only if he is aggrieved by the judgment or the order of the district court. *See J. Moore, Federal Practice* ¶ 203.06 (2d ed. 1974). The Eastern District plaintiffs were not aggrieved by and may not appeal from the order restraining the Attorney General. The pretrial orders at which these plaintiffs' appeal is directed are interlocutory and we lack jurisdiction to review the pretrial orders on the merits.

The order of the district court restraining the Attorney General of Kentucky will be reversed.