GARTH, Circuit Judge,
dissenting.
The majority has reversed and remanded this matter to the district court for consideration of the merits of the appeal taken by Tri-Kell, Trinsey, Kelly, and Gulph Mills from the October 22,1982 Order. I believe that disposition to be erroneous because the appeal before us is an appeal by Main Line from the March 2, 1983 Order entered on March 3, 1983. As to that appeal, in my view, although Main Line is styled as an appellant, Main Line was not aggrieved by the entry of the March 2,1983 Order of the district court. The relevant orders entered by the bankruptcy court and by the district court are reproduced as an appendix to this opinion. Thus, I believe that Main Line’s appeal should be dismissed.[1]
I.
The October 22, 1982 Order entered by the bankruptcy court lifted the automatic stay which had prevented Main Line from foreclosing its lien against Tri-Kell. Thus, on entry of that Order, Main Line could proceed with its foreclosure.
Appeal was taken from that October 22, 1982 Order by Tri-Kell[2], Trinsey, Kelly, and Gulph Mills.
On February 16, 1983, the bankruptcy court vacated the October 22, 1982 Order “upon counsel’s verification . .. that approval of the dismissal or withdrawal of any outstanding appeals from the [October 22, 1982] Order has been granted by the [district court].” App. 142. This had the effect of once again preventing Main Line from foreclosing its lien against the debt- or’s property.
Main Line thereupon appealed to the district court from the February 16, 1983 Order on March 10, 1983. That appeal is still pending before the district court and has not been resolved by that court. Thus, the majority’s prediction that “the bankruptcy court’s February 16, 1983 Order will be appealed by Main Line and the issue will surface once again in exactly the same form in the district court,” typescript at 8, has already come to pass.
On March 2, 1983, the district court dismissed as moot the appeals taken by Kelly, Trinsey, and Gulph Mills from the October 22, 1982 Order[3], following a request by those parties for a dismissal pursuant to Fed.R.Civ.P. 41(a)(2). It did so apparently on the basis that the bankruptcy court’s February 16, 1983 Order had vacated the October 22, 1982 Order, even though the February 16, 1983 Order is not mentioned as such by the district court.
Thus, with this appeal, Main Line, which did not appeal the October 22,1982 Order— as it could not, because that Order was in its favor — is now appealing the dismissal of these appeals that had been taken by Trin- *909 sey, Kelly, and Gulph Mills from that Order. It is that action that the majority opinion describes as “aggrieving” Main Line.
The majority opinion claims that Main Line is prejudiced (which I read as a synonym for aggrieved) by having the district court dismiss the appeals of its adversaries for two reasons: (1) it claims that the issue of Trinsey’s, Kelly’s, and Gulph Mill’s standing will constitute law of the case — even though no order that has been entered deals with their standing; and (2) it holds that Main Line is prejudiced (and therefore aggrieved) because the district court’s standard of review would be likely to lead to different results when it reviewed an order in favor of Main Line (the October 22, 1982 Order) than when it reviewed a decision in favor of Main Line’s adversaries (the February 16, 1983 Order).
I cannot agree that the ephemeral and indirect “prejudice” found by the majority can constitute a basis for holding that an appellant is aggrieved by a particular order when all that such an order accomplishes is to dismiss the appeal of its adversaries. It should be remembered that the March 2, 1983 Order does not vacate the October 22, 1982 Order of the bankruptcy court — which permitted Main Line to foreclose its lien— as it could not. All that order does is to dismiss the appeals which were taken by three adversely affected individuals. To the extent, therefore, that the October 22, 1982 Order afforded to Main Line all the relief that Main Line desired if that Order had remained in effect, Main Line cannot be said to be aggrieved when appeals taken by its adversaries from that Order are dismissed. Particularly is this so when the Order that vacated the October 22, 1982 Order (i.e., the bankruptcy court February 16, 1983 Order) has not been, and could not be, appealed to us. It could not because the February 16, 1983 Order, as I have previously observed, is presently on appeal to the district court.
At oral argument, Main Line recognized this fact and this may very well have been one of the reasons why Main Line sought in open court to withdraw its appeal from the March 2, 1983 Order. See note 1 supra. Thus, as the matter now stands, no appeals by Kelly, Trinsey, and Gulph Mills from the October 22,1982 Order are pending because the district court has dismissed them as moot. Main Line’s appeal from the February 16, 1983 Order of the bankruptcy court is pending in the district court and is as yet unresolved before that court.
It is therefore clear to me that since Main Line is not, and cannot be, aggrieved by the action taken by the district court in dismissing the appeal of Kelly, Trinsey, and Gulph Mills from the October 22,1982 Order, Main Line’s appeal must be dismissed.
II.
The reader of this opinion may wonder why I have gone to such great pains to dispute the manner in which the majority has disposed of Main Line’s appeal. I have done so because I believe that analytically and jurisprudentially the majority opinion is wrong, even though the purposes which it seeks to achieve are laudatory. I can sympathize with the majority’s desire to cut through the procedural thicket that has resulted from a proliferation of orders involving the same subject matter but at different levels. Nevertheless, it is my belief that if we ignore the principle that a non-aggrieved party cannot appeal, great mischief and confusion will result in the long-run.
Moreover, the prejudice which the majority finds lurking in the district court’s dismissal on mootness grounds does not constitute the kind of prejudice required for standing to appeal.[4] I fear that even though the ultimate result in this case may turn out to be the same (i.e., the district court will be obliged to decide whether Main Line should be permitted to foreclose its lien or not), the present holding of the *910 majority opinion with regard to a non-aggrieved party may be cited and relied upon in the future by other parties, none of whom are aggrieved but who may seek to appeal from favorable orders for whatever reason.
The law is clear that a party may appeal only if he is aggrieved by the judgment of the district court; a party cannot appeal from a decision which is not adverse to him. See Cobb v. Aytch, 539 F.2d 297, 300 (3d Cir.1976) (indirect injury insufficient to confer standing to appeal); In re Glenn Turner Enterprises Litigation, 521 F.2d 775, 781 (3d Cir.1975). This is so because if the party receives all of the relief sought, he is not aggrieved by a judgment affording such relief. J. Moore, Federal Practice § 203.06 at 3-23 (2d ed. 1974). In this case, Main Line sought the very same relief that the district court has now ordered: Main Line had moved to quash the very appeal that the district court has now dismissed as moot. See note 2 supra. I do not believe that even in the interests of judicial expediency should we sacrifice the cardinal appellate principle that a party who is not aggrieved may not appeal.
III.
I would therefore dismiss Main Line’s appeal because Main Line is not an aggrieved party and therefore lacks standing to appeal.
APPENDIX
BANKRUPTCY COURT ORDER OF OCTOBER 22,1982:
AND NOW, this 22nd day of October 1982, upon agreement of the debtor and Main Line Federal Savings and Loan Association, through their respective attorneys, it is hereby
ORDERED, that the say provisions of Bankruptcy Rule 11-44 with regard to the enforcement by Main Line Federal Savings and Loan Association of its mortgage lien against the property of the debtor be terminated and of no further effect as of February 1, 1983.
[Appealed to the district court by Trinsey, Kelly, Gulph Mills on October 29, 1982; see notes 2 & 3, supra, as to Tri-Kell, Inc.]
BANKRUPTCY COURT ORDER OF FEBRUARY 16, 1983:
AND NOW, this 16 day of Feb, 1983, upon consideration of the Motion of the debtor as defendant in this adversary proceeding, and pursuant to the provisions of Rule 60(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 924, and it being deemed in the best interest of the debtor’s estate and other affected parties, it is Ordered that
(a) the Order of this court entered on October 22,1982, terminating the automatic stay, effective February 1, 1983, against foreclosure by the plaintiff against the property of the defendant, be and the same is vacated upon counsel’s verification to this court that approval of the dismissal or withdrawal of any outstanding appeals from the said Order has been granted by the United States District Court; and
(b) the conclusion of the trial of all issues in this adversary proceeding shall be scheduled by the Clerk of this court at a future date.
[Appealed to the district court by Main Line; filed March 11, 1983]
DISTRICT COURT ORDER OF MARCH 2, 1983
AND NOW, this 2nd day of March, 1983, it appearing that the Bankruptcy Court has indicated its intention to vacate its Order of October 22, 1982, and it further appearing that said Order forms the subject matter of this appeal, it is hereby ORDERED that the Appeals of John B. Kelly, Jr., John S. Trin-sey, Jr. and Gulph Mills Townhouse Village, Inc. from the Order of the Bankruptcy Court entered October 22,1982 in the above adversary proceeding are dismissed as authorized by Federal Civil Rule 41(a)(2) as moot.
[Appealed to this court by Main Line on March 14, 1983]
*911 BANKRUPTCY COURT’S “STATEMENT OF THE COURT’S INTENTION”
AND NOW, this 21st day of June, 1983, upon further consideration of the Debtor’s Motion filed in this Court on January 21, 1983 to Vacate Consent Order and for Further Relief, and upon consideration once again of the Court’s Order of February 16, 1983 conditionally granting such Motion, it is hereby stated to be the Court’s position and present intention that:
(a) the Order of February 16, 1983 was entered by the Court inadvertently;
(b) should this case be remanded by the District Court to this Court, the Order of February 16, 1983 will be VACATED and the Consent Order of October 22, 1983 will be REINSTATED:
(c) should the Debtor renew its Motion to Vacate Consent Order after the case is remanded to this Court, such renewed Motion will be DENIED.

. Indeed, in oral argument, Main Line itself sought to withdraw its own appeal, but did not do so because of the lack of agreement of counsel. See Fed.R.App.Pro. 42(b).

. Tri-Kell ratified and joined in the appeal of Trinsey, Kelly, and Gulph Mills from the October 22, 1982 Order on February 18, 1983. This gave rise to the argument made by Main Line in its Motion to Quash Appeal dated January 26, 1983 that Trinsey, Kelly, and Gulph Mills had no standing because they were not, in fact, the “debtor.”

.The Order itself does not refer to Tri-Kell or its appeal, nor does it dismiss Tri-Kell’s appeal. A letter of March 2, 1983 refers to this subject. See App. 181-82. The present record is basically silent as to the appeal filed by Tri-Kell, Inc. from the October 22, 1982 Order, although Tri-Kell’s application to the bankruptcy court under Rule 60(b) indicates its intention to join the existing appeal. Because my position that Main Line is not aggrieved by the district court’s March 2, 1983 Order is not affected by whatever Tri-Kell has or has not filed, I make no point of the state of the record in this respect.

. The bankruptcy court, as the majority opinion notes, did file an apocryphal “Statement of the Court’s Intent” which I believe cannot af-feet this case, whatever its meaning. Appeals can only be taken from an order, not from a “Statement of Intent.”